[No. 4200.]

JOHN TENNANT, WILLIAM A. SENTER, WILLIAM A. SENTER, EXECUTOR OF THE LAST WILL AND TESTAMENT OF W. CENTER, DECEASED, JAMES McLELLAN, HENRY W. COTTLE AND GEORGE SMOUT *v.* ADOLPH PFISTER AND JOHN BALLACH.

DEMURRER.—The question of a misjoinder of parties in a complaint cannot be raised under a demurrer interposed upon the ground that the complaint does not state facts to constitute a cause of action.

DECISION OF SUPREME COURT.—If the defendant demurs to the complaint on the ground that there is a misjoinder of parties plaintiff, and the court overrules the demurrer, and then, on the trial, excludes the evidence of the plaintiff because there is such misjoinder, and the plaintiff appeals and the Supreme Court reverses the judgment on the ground that, as a question of practice, the evidence should have been admitted, this is not a decision that there is not such misjoinder.

JOINT ACTION WHEN DEMANDS ARE SEVERAL.—Several parties cannot, in a joint action, recover damages for the use and occupation of two or more tracts of land, which they own in severalty.

APPEAL from the District Court, Third Judicial District, County of Santa Clara.

The plaintiffs and others, and W. B. Rogers, Philip Roach, John Heinlen, Harvey Swicard, and Charles H. Mitchell, were owners of the rancho Santa Teresa in the county of Santa Clara, and, on the 25th day of August, 1876, commenced an action for the partition of the rancho. By the final decree, the rancho was divided into subdivisions numbered from one to fifty-nine, and there was allotted to plaintiff Tennant, lots 52, 9, 34, and 50; to plaintiff McLellan, lot 47; to plaintiff Cottle, lots 29 and 42; to Wm. A. Senter, lots 17, 4, and 25; and to the deceased, Wm. Center, lot 16. The said Rogers, Roach, Heinlen, Swicard and Mitchell appealed from the decree and gave an undertaking, among other things, to pay the value of the use and occupation of land allotted to others and which they occupied, if the decree was finally confirmed. The decree also awarded to each person possession of the land allotted to him. By the undertaking, proceedings on the decree were stayed. The undertaking was filed October 14, 1868. The Supreme Court affirmed the judgment, and the remittitur was sent down on the 21st day of February, 1870. (See 38 Cal., 637.) The appellants, pending the appeal, were in possession of portions of the tracts allotted to the plaintiffs, as follows:

John Heinlen continued to occupy and possess exclusively fifteen acres of lot 29, one acre of lot 30, one hundred and sixty acres of lot number 16, and one hundred and sixty acres of lot number 9. Wayne B. Rogers continued to

occupy and possess exclusively thirteen acres of said lot 42, and one acre of lot number 16. Harvey Swicard continued to occupy and possess exclusively twelve acres of lot 29, and thirty-three acres of lot 38. Charles H. Mitchell continued to occupy and possess exclusively eighty acres of lot 47, and three acres of lot 38, and eighty-eight acres of lot 50. Philip Roach continued to occupy and possess exclusively sixteen acres of lot 9.

The defendants were sureties on the undertaking, and this action was brought on the same to recover the value of the use and occupation of the several parcels of land thus occupied by the defendants. The defendants appealed. (For the decision of this case on the former appeal, see 45 Cal. 270.)

The other facts are stated in the opinion.

*Francis E. Spencer*, for the appellants, argued that the demurrer should have been sustained, and cited *Fowler* v. *Frisbie* (37 Cal. 34).

*Houghton & Reynolds*, for the Respondent.

By the COURT:

1. If upon the face of a complaint there appear to be a misjoinder of parties plaintiff, the objection must be taken by special demurrer, and if not so taken, it is waived. Under a general demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, a question of misjoinder of parties plaintiff cannot be raised. (*Gillam* v. *Sigman*, 28 Cal. 637.) Upon the former appeal in this case it appeared that a demurrer to the complaint on the ground that there was a misjoinder of parties plaintiff therein had been overruled, and that the defendant had thereupon pleaded the general issue, and set up certain new matter in bar of the action. At the trial, which led to that appeal, the court, upon motion of the defendant, excluded all the evidence of the plaintiffs on the ground that there was a misjoinder of parties plaintiff on the face of the complaint. This, we said, was not proper

practice, and that the demurrer on that ground having been overruled, the case should have been disposed of, as though no such demurrer had been interposed, unless the court should first set aside its order overruling the demurrer, and permit it to be again presented for consideration. This was the entire scope of the decision then made here, and the counsel for the respondent is therefore mistaken in supposing that upon the former appeal we determined, either actually or by implication, the sufficiency of the complaint in any respect. The determination here upon that appeal, concerned only the question of practice in the respect referred to. (*Tennant* v. *Pfister*, 45 Cal. 270.)

2. Upon the return of the cause to the court below, the action was again tried, and judgment rendered for the plaintiff. The present appeal is taken from the judgment, and the principal point relied upon is that the court improperly overruled the demurrer to the complaint for misjoinder of parties plaintiff. The demurrer should have been sustained. The plaintiffs seek a joint recovery of moneys, in which they have no joint interest. The plaintiff Tennant, for instance, has no interest in a recovery for the use and occupation of lot 47, detained not from him, but only from his co-plaintiff, McLellan; nor has the plaintiff Cottle any interest in a recovery for the use and occupation of lot 52, detained from the plaintiff Tennant. The case of *Fowler* v. *Frisbie* (37 Cal. 34), is decisive of this case.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.