[No. 7,323.—Department One.]

## PARKS CANAL AND MINING COMPANY (Limited) v. W. W. HOYT.

Water Rights—Realty—Water Ditch.—An appropriator of water by means of a ditch leading from a natural stream may be entitled to the undiminished flow of the stream; but the water in the stream above his ditch is a part of the realty, and does not become his personal property until he acquires control of it in artificial conduits or reservoirs.

Id.—Action.—The appropriator in such case cannot maintain an action for the value of the water, as personal property sold and delivered, against one who, without his consent, has diverted the stream above the head of his ditch.

Corporation — Partnership Association — Pleading.—The complaint alleged, that "the plaintiff is an association duly organized under an act of the Legislature of Pennsylvania, entitled 'An Act authorizing the formation of partnership associations,'" etc. *Held,* that the complaint was defective in not alleging that the laws of Pennsylvania gave to the plaintiff power to sue, or any other corporate powers.

Appeal from a judgment for the defendant, and from an order denying a motion for a new trial, in the Superior Court of the County of El Dorado. Williams, J.

The complaint stated, that "the plaintiff is an association duly organized under an act of the Legislature of the State of Pennsylvania, entitled, 'An Act authorizing the formation of partnership associations,' etc., * * * and doing business

as such in said county of El Dorado." Ever since 1854, the plaintiff and its predecessors were the owners of a ditch diverting water from Squaw Hollow Creek, of sufficient capacity to divert all the water of said creek, except during heavy storms in the winter. The predecessors of the plaintiff had constructed a ditch, diverting water from Cossumnes River, and bringing it into the natural channel of Squaw Hollow Creek, at a point about a mile above the head of Squaw Hollow Creek ditch; and had enlarged the latter ditch for the purpose of carrying the increased supply of water.

Afterwards, the defendant diverted, and used for irrigating purposes, a quantity of water from Squaw Hollow Creek, at a point between the mouth of the ditch leading from Cossumnes River and the head of Squaw Hollow Creek ditch. At the times of taking said water, there was not sufficient water in Squaw Hollow Creek to fill Squaw Hollow Creek ditch; and the plaintiff notified the defendant that he would be required to pay the market rates for the water appropriated; and the defendant, at the time of receiving said notice, claimed the right to use the water, and declared his intention of not paying the plaintiff.

The action was brought to recover the value of this water, as of personal property sold and delivered.

The defendant denied the indebtedness, and denied "that said plaintiff ever was or is an association, in the nature of a corporation, or other legal person, organized or existing under or by virtue of any act or acts of the Legislature of Pennsylvania, or other competent authority, or doing business or competent to do business as such association or person in said county of El Dorado, or elsewhere in said State of California."

*Charles F. Irwin*, and *George G. Blanchard*, for Appellant.

If the act of the defendant constituted a tort, still the plaintiff might waive the tort and sue in assumpsit. (*Roberts* v. *Evans*, 43 Cal. 380; *Fratt* v. *Clark*, 12 id. 89; Pomeroy's Rem. and Remedial Rights, § 569, and notes.)

*T. D. McFarland*, and *G. J. Carpenter*, for Respondent.

A party can waive a tort and sue upon an implied contract only where property has been sold and converted into money. (1 Chitty on Pleading, 16 Am. Ed. 112, note *s; Jones* v. *Hoar*, 5 Pick. 285.)

The law will not imply a promise against the express protestation and declaration of the party who is attempted to be charged with it. (*Watson* v. *Stever*, 25 Mich. 386; 2 Greenleaf on Ev. § 108.)

If respondent was liable in any way, it was for trespass on realty. Running water is not personal property. (Civ. Code, § 299.)

McKINSTRY, J.:

For the purposes of this decision, it may be admitted that water acquired by appropriation (to be sold to miners and others), by means of a ditch leading from a natural stream, becomes, after it has passed into the ditch, the personal property of the appropriator. Further, it may be admitted, that if water be taken or diverted from the ditch, without the consent of the appropriator, he may waive the *tort* and bring an action for the value of the water taken. Nevertheless, although such appropriator may be entitled to the flow of the stream undiminished, the water in the stream *above his ditch* is not his personal property. The stream as yet flows in its natural course—a part of the realty. The appropriator certainly does not become the owner of the very body of the water until he has acquired control of it in conduits or reservoirs, created by art, or applied to the purpose of leading or storing water by artificial means. It follows, that he cannot maintain an action for the value of the water—as for personal property sold and delivered—against one who, without his consent, has diverted the stream above the mouth of his ditch.

The evidence tended to prove that plaintiff was owner of a ditch dug for the purpose of conducting water from the Cossumnes River to Squaw Hollow Creek, and also of another ditch leading from Squaw Hollow Creek, at a point below the Cossumnes ditch. Defendant diverted water from Squaw Hollow Creek at a place between the two ditches. There was evidence, that, " at the times the water was taken by the defendant,

there was not sufficient water in Squaw Hollow Creek to fill the Squaw Hollow Creek ditch." But there was no evidence of the quantity of water then running from the Cossumnes ditch into Squaw Hollow Creek, or that any was flowing through that ditch. For aught that appears, all the water diverted by defendant was water naturally flowing in Squaw Hollow Creek. If this was the case, it is clear, from what has been said above, that an action for the value of the water, as personal property, cannot be maintained. The natural bed of Squaw Hollow Creek acquired the character of an artificial conduit to the extent, and only to the extent, that the waters of the Cossumnes River flowed through it. The water brought to Squaw Hollow Creek by the Cossumnes River ditch alone, *if any water* can be so considered, can be considered the personal property of the plaintiff.

The defendant moved for a nonsuit, on the ground, amongst others, that " the testimony utterly fails to show any contract, agreement, or promise by defendant to pay plaintiff for the alleged water." If plaintiff relies upon the promise to pay reasonable value, which the law implies from the wrongful taking of personal property—the tort being waived—there is a complete failure to prove the facts from which the promise is implied (and therefore the promise itself), since the evidence fails to show that any personal property was taken.

The view we have adopted renders it unnecessary to decide other questions presented. We may suggest, however, first, the answer does not distinctly deny that the plaintiff was organized as an association under the laws of Pennsylvania; and second, the complaint fails to allege that the laws of Pennsylvania gave to plaintiff the power to sue, or any other corporate power.

Judgment and order affirmed.

MORRISON, C. J., and ROSS, J., concurred.