[L. A. No. 1270. Department One.—March 31, 1903.]

## EDWIN SENIOR et al., Appellants, v. J. C. ANDERSON et al., Respondents.

WATER-RIGHTS—APPROPRIATION—FINDINGS—INSUFFICIENCY OF EVIDENCE —APPEAL—LAW OF CASE.—Where, upon former appeals, the water-right appropriated by the predecessor of the defendants was held limited to so much of the water of the stream as was reasonably necessary for the use of his tract when the action was commenced, and findings that all of the waters diverted by him were necessary for use on the tract, were held unsupported by the evidence, the decision upon the former appeals is the law of the case, where the evidence is the same upon a third trial.

ID.—EXTENT OF APPROPRIATION—EXPRESSIONS OF OPINION.—Expressions of opinion on the former appeals as to the precise quantity of water effectively appropriated by the defendants' predecessor, are not to be regarded as the law of the case; but the law of the case is limited to the principles of law stated as governing the appropriation, and to the sufficiency of the evidence to justify the findings.

ID.—STIPULATED COMPROMISE—FINDING UNSUPPORTED.—A stipulation compromising certain water-rights between the plaintiffs and part of the defendants on a portion of plaintiffs' tract, whereby the plaintiffs granted part of their water-rights thereon to them, and received in return a clear title to the remainder, and reserved all rights as against the other defendants, cannot support a finding that the plaintiffs abandoned all their water-rights, property and interests,

---
[1] 86 Am. St. Rep. 283.

on that portion of their tract, and had conveyed the same to the defendants specified.

ID.—WATER-RIGHTS OF PLAINTIFFS—RIPARIAN OWNERSHIP—OMISSION IN FINDINGS.—Whether the water-rights of the plaintiffs are those of appropriators or of riparian owners, they are equally injured by the defendants' diversion of water which they are entitled to use. Where their riparian ownership is expressly alleged, assuming the denial to be sufficient, the failure of the court to find thereupon must, in connection with the findings as to defendants' appropriation of the water, be regarded as sufficient ground for reversal.

ID.—APPROPRIATION—POINT OF DIVERSION—HOMESTEAD LAND—MISTAKE. —Where the point of diversion of the appropriation made by the predecessor in interest of the plaintiffs was upon the homestead land of another person, owing to a mistake of the location of the boundary of their respective lands, the question being one of appropriation upon the non-riparian lands of plaintiffs' predecessor as against a diversion of water above the lands of both of the parties, by defendants' predecessor, the defendants are not in a position to attack the plaintiffs' appropriation on the ground of an innocent mistake which in no way affects them.

ID.—SUPPLEMENTAL COMPLAINT—DAMAGES FOR DIVERSION—MISJOINDER OF PARTIES.—When the plaintiffs, whose rights were acquired by separate grants of the lands of the locator of the water-rights under whom they severally claim, filed a supplemental complaint in which they claimed to recover damages for unlawful diversion of water by the defendants, with whom a compromise had been stipulated, as respects such damages, there is a misjoinder of parties plaintiff, who have no joint or common interest in the damages thus sought to be recovered.

ID.—JUDGMENT UPON SUPPLEMENTAL PLEADINGS.—Where both the plaintiffs and the defendants, who were parties to the stipulated compromise, prayed in the supplemental pleadings for judgment pursuant to the stipulation, it seems that judgment should be entered pursuant thereto as prayed for, if it is not made to appear that the interests of defendants not joining in the stipulation would be injuriously affected by such judgment.

APPEAL from a judgment of the Superior Court of Ventura County and from an order denying a new trial. W. S. Day, Judge.

The facts are stated in the opinion, and in the opinions rendered upon the former appeals in 115 Cal. 496, and 130 Cal. 290.

H. L. Poplin, for Appellants.

Blackstock & Ewing, Orestes Orr, and J. S. Chapman, for Respondents.

SMITH, C.—This is a suit to quiet the plaintiff's title to a water-right appurtenant to their lands, described in the complaint. The claim of the plaintiffs is to the one half of the waters of San Antonio Creek, in T. 5 N., R. 22 W., S. B. M., in the county of Ventura, when not exceeding fifty inches, and is based on an appropriation made by the plaintiff Senior, October 29, 1887, he then being a homestead settler on the east half and the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of section 32, same township, subsequently patented to him. The other plaintiffs are grantees of portions of this land, with corresponding water-rights. The defendants deraign title under one Hines, who in the year 1883 permanently diverted from the creek, at a point above plaintiff's lands, 78.71 inches of the water, or all of it when less than that amount,—the point of diversion being in the west half of the west half of section 28, in the same township. This land was subsequently patented to his heirs, October 6, 1888, and, with the water-right in question as appurtenant thereto, was, on the distribution of his estate, allotted to his widow, who had also previously entered the west half of the northwest quarter and the north half of the southwest quarter of section 33, and had, August 23, 1887, paid in full for her land and received her patent certificate therefor. Afterwards, she conveyed both tracts, with the water-right, to her son-in-law, W. L. Hall, and another, who conveyed the water-right to the Ojai Water Company by deed of date January 15, 1889, "excepting and specially reserving to themselves . . . all the riparian rights," etc., appurtenant to the two tracts.

The case has been twice already before this court; the appeal, in each case, being from a judgment for the defendant, and from an order denying the plaintiff's motion for a new trial, and resulting in a reversal. The last trial resulted in a similar judgment and order, from which the plaintiffs now appeal. The former decisions are reported in *Senior* v. *Anderson*, 115 Cal. 496, and 130 Cal. 290, where a more detailed statement of the case will be found.

On the former trials, as on this, it was found by the court that the waters of the creek in question have been permanently diverted from the creek, by Hines and his successors, from the date and to the extent above specified, and there is therefore no controversy on this point. It was also found, in effect, on the former trials, that all the waters diverted were necessary for use on the Hines tract. But it was held by the court that the evidence was insufficient to support this finding, and it was further held, as expressed in the last decision, "that the quantity appropriated by Hines was [only] so much of the water of the stream as was reasonably necessary for the use of the Hines tract at the time the action was commenced." On the trial now under review, there was no explicit finding as to the quantity of water *necessary* for such use. But it is found, in effect, that Hines, and his successors in interest, including the defendants, "have diverted . . . appropriated, and used for agricultural, stock, and domestic purposes the waters" of the creek, from the date and to the quantity stated. Assuming this to be a sufficient finding of user, the question first to be considered is: Whether, in view of the former decisions—which have become the law of the case—this finding can be sustained.

In this regard, it is claimed by the appellants that the evidence is substantially the same as on the former trials; and though it is said by the respondent that additional evidence was introduced, we are not cited to it, nor is its nature or effect explained; and, indeed, the discussion of the question of appropriation is expressly waived. It must, therefore, be assumed that the contention of the appellants is correct. It follows that this finding, so far as it affects the appropriation of all the water of the creek by Hines, cannot be sustained. (2 Hayne on New Trial and Appeal, sec. 291, pp. 474 et seq., and 877.) It should be added, however, to prevent misunderstanding, that this conclusion does not imply that opinions expressed on the former appeals in the discussion of the evidence, as to the precise quantity of water effectively appropriated by the defendants' predecessor, are to be regarded as the law of the case; but merely that the principles of law stated as governing the quantity appropriated, and the decision as to the sufficiency of the evidence to justify the find-

ing, that all of the water in question of the quantity had been thus appropriated—which was also purely a question of law —are to be so regarded. Hence, unless there are other findings sufficient to support the judgment, and themselves not unsupported by the evidence, the order denying a new trial must be reversed. It is, however, claimed by the respondent that there are findings on the issues raised by the supplemental answer of this character.

These are, that since the last appeal, judgment has been rendered in a suit of the defendants Hall and Burns against the plaintiffs here (pleaded as an estoppel by certain others of the defendants), wherein it is adjudged, in effect, that the defendants (now plaintiffs) have no right, title, or interest in the northwest quarter of the northwest quarter of section 33, and the southwest quarter of the southwest quarter of section 28 of the township referred to, or to any easement thereupon, for the maintenance of their ditch and dam, or at all; that the dam of the plaintiffs and six or seven rods of the flume leading therefrom are situated upon and within the first of the two subdivisions above described, which is part of the homestead entry of Mrs. Hines; that, since the commencement of this suit, the plaintiffs have ceased to use and have "abandoned and relinquished all their rights, property, and interest in and to said water-rights, dams, conduits, and ditches upon said section 33;" and that plaintiffs "on the thirtieth day of September, 1901, contracted and conveyed all their rights, property, and interests in and to the waters of San Antonio Creek, as alleged in the complaint as amended, and in and to the dams, conduits, and ditches upon said section 33 to" certain of the defendants.

The last finding rests for support conclusively on the written stipulation between the plaintiffs and certain of the defendants, set up by the plaintiffs in their supplemental complaint, which, we think, fails to support it. The general effect of this stipulation is to compromise the matters in controversy between the parties thereto, substantially as provided in the contract alleged in the complaint, and referred to in the former decisions; that is to say, the plaintiffs (in satisfaction of their claims as between the parties thereto) are to receive at the head of their conduit (extended for that

purpose to the section line between sections 28 and 33), one tenth of the water flowing in the defendants' flume at such times as the defendants stipulating may be entitled thereto, and at other times to have the use of the defendant's flume, to its surplus capacity over the amount of water carried for the other defendants, for the purpose of carrying to plaintiffs' conduit "so much of the water of said stream as may belong to, or may hereafter be ascertained to belong to, plaintiffs, and their water-right." The ditch or other conduit of the defendants to the point of delivery stipulated, is on the land of the defendants Hall and Burns, who join in the stipulation, and, as part of it, agree to give the plaintiffs a right of way across their lands for the conducting of the plaintiffs' water from the agreed point of delivery. It is clear, therefore, that the plaintiffs did not convey their water-right to the defendants joining in the stipulation, but part of it only, receiving in return a clear title to the remainder. As to the other defendants, the plaintiffs' rights were expressly reserved, together with the right of using the defendants' ditch for utilizing them to the full extent that could be granted by the owners of the land. Nor did they abandon the right of way for their ditch over the land of the defendants, but, rather, they acquired a good title to it, and to its extension, to the agreed point of water delivery. And in lieu of their dam they were given an equally efficient means of diversion. (Civ. Code, sec. 1412.)

As to the other findings, assuming the plaintiffs' lands to be riparian to the stream, they cannot affect the question of reversal. For whether their rights are those of appropriators or of riparian owners, they are equally injured by the defendants' diversion of the water. We have, therefore, to consider whether on the present record they can be assumed to be riparian proprietors. On the former appeals the riparian character of the plaintiffs' land appeared from the findings; and in the present case it appears from the evidence, though there is no finding on the point. But the fact is expressly alleged in the complaint, and is not specifically denied (Code Civ. Proc., sec. 437, subd. 2); or, assuming the denial to be sufficient, it may be inferred that the failure of the court to find upon the point was due to its regarding the

CXXXVIII. Cal.—46

allegation as admitted, or to inadvertence. In either case, there is no ground for presuming that a finding was waived; and the failure of the court to find must, therefore, in connection with the finding as to defendants' appropriation of the water, be regarded as sufficient ground for reversal. (*Knight* v. *Roche*, 56 Cal. 15; *Brison* v. *Brison*, 90 Cal. 328; *Adams* v. *Helbing*, 107 Cal. 301; *Haight* v. *Tryon*, 112 Cal. 6.) The objection was one of the grounds specified in the notice of motion for new trial, which, by the stipulation to the transcript, is made part of the record. (*Polk* v. *Boggs*, 112 Cal. 114.) It will be unnecessary, therefore, to consider the other points in the case, except in so far as may be necessary with a view to a new trial.

The other findings cited may be briefly dismissed. There is no proof in the case to sustain the finding of plaintiffs' abandonment of their rights, but the contrary clearly appears. As to the judgment found, it cannot affect the plaintiffs as an estoppel (Code Civ. Proc., sec. 1908), nor is it otherwise material. The judgment may have operated to extinguish, at its date, the plaintiffs' right of way and dam, but it is not competent proof that the easement did not previously exist. Nor could the temporary loss of the means of diverting the water affect the water-rights of plaintiffs, if otherwise valid. As to the right of way, that was afterwards confirmed, and a new means of diversion given by the owners of the land. Indeed, without this, the plaintiff could have changed the place of diversion to his own land. (Civ. Code, sec. 1412.)

The remaining finding to be considered is that the point of diversion of the water by Senior was on the homestead land of Mrs. Hines; from which it is claimed by the respondent that the plaintiffs' appropriation was void, and we are cited to several cases as supporting this contention. (*Sturr* v. *Beck*, 133 U. S. 541; *Taylor* v. *Abbott*, 103 Cal. 421; *McGuire* v. *Brown*, 106 Cal. 660.) But the cases cited differ materially from the case at bar, being all of them cases between the appropriator and the owner of the land on which the entry was made, and being also cases of intentional trespass by the former upon the latter. But here the question is not between the appropriator and Mrs. Hines as owner of

the land intruded on,. but between him and the latter as
the successor of Hines, who had diverted the water above the
lands of both of the parties; and it also appears that the
intrusion upon the land referred to was the result of a mis-
take as to the location of the boundary between his land and
hers.  Nor is the question of the riparian rights of the home-
stead tract, or of the upper tract, in any way involved, but
the question is as to the diversion of the water to other and
non-riparian lands.  Under these circumstances, it might well
be held that the defendants—whose claim is only to the sur-
plus of the water diverted by Hines, over the riparian rights
reserved by their grantors—are not in a position to attack
the plaintiff's appropriation on the ground of an innocent
mistake which in no way affects them; but the question, we
think, has been determined by the former decisions in this
case, and on the last appeal, on the same evidence as is now
before us.

The questions raised by the supplemental complaint re-
main to be considered.  These relate to the plaintiffs' claim
for damages for diversion of the water by certain of the
defendants, pending the suit; and to the stipulation already
considered.

With regard to the former point—assuming, for the pur-
poses of the decision, that the supplemental complaint was
otherwise permissible—we are of the opinion that the court
below was right in holding that "there is a misjoinder of
parties plaintiff, . . . because the plaintiffs have no joint or
common interest in the damages sought."  The theory of the
appellant on this point is that the plaintiffs are owners, as
tenants in common, of the water-right, which does not seem
to be the case.  This, assuming the plaintiffs' rights to be
merely riparian, is clear.  (*Tenant* v. *Pfister,* 51 Cal. 511,
514, and cases cited; *Foreman* v. *Boyle,* 88 Cal. 293; *Parks
Canal etc. Co.* v. *Hoyt,* 57 Cal. 44.)  Nor is the case altered on
the assumption that their rights are based upon the alleged
appropriation.  The water was originally appropriated by
Senior for use on his land.  It thus became appurtenant
thereto, and when the right was divided, the several inter-
ests continued to be appurtenant, respectively, to the tracts
conveyed to the other plaintiffs.

We are inclined to the opinion, however, that the court erred in not entering judgment on the stipulation, as prayed for in the supplemental complaint, and in the supplemental answer of the defendants joining in the stipulation. Under the contract existing between the defendants, each was to receive his proportion of the water (excepting that used for domestic purposes) in a continuous flow of the whole for periods corresponding to his interest; and we do not perceive that the interests of the defendants not joining in the stipulation can, in any way, be injuriously affected by the judgment prayed for. There may, however, be considerations affecting the question that do not occur to us; and if such be the case, the court will not be precluded by what is said from acting on them.

We advise that the judgment and order appealed from be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

Haynes, C., and Gray, C., concurred.