(September 21, 1911.)

S. R. RUSSELL, Respondent, v. NEWTON IRISH and MINNIE IRISH, Appellants, and NAMPA & MERIDIAN IRRIGATION DISTRICT, Respondent.

[118 Pac. 501.]

WATER RIGHT—WATER APPURTENANT TO LAND—WATER RIGHT PASSES BY DEED OF APPURTENANCE—CONFIRMATION OF IRRIGATION BONDS—RES ADJUDICATA.

(Syllabus by the court.)

1. A water right is an appurtenance to the land on which it is used, and a deed to the land "together with appurtenances" carries with it the water right appurtenant to the land at the time of the conveyance, unless the same is excepted from the grant.

2. A division of a tract of land to which a water right is appurtenant by the sale of a portion thereof, without segregating or reserving the water right, works a division of the water right in proportion as the land is divided by the conveyance.

3. Under the provisions of sec. 3111 of the Rev. Codes of this state, a transfer of a tract of land on which the waters obtained by water right have been partially applied in the irrigation and cultivation of the same and such water right had been "obviously and permanently" used by the person whose estate is transferred for the benefit of the portion transferred, the purchaser acquires the right to continue the use and enjoyment of such water right as the same had been previously used and enjoyed by the owner thereof.

4. Where an irrigation district has proceeded in conformity with the statute to issue irrigation district bonds and has procured an adjudication and confirmation of the proceedings in conformity with the statute and of the assessment of benefits against the several tracts of land within the district, the same becomes *res adjudicata* against both the land owners and the district in all subsequent proceedings in so far as the same may involve the assessment of benefits against the several tracts of land.

5. ID.—As to whether or not such proceedings amount to *res adjudicata* as to the extent of any water right in a controversy subsequently arising between the water users,—doubted.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Fremont Wood, Judge.

Action by plaintiff to procure a writ of mandate against an irrigation district. On application of the district the appellants herein were brought into the case to set up and litigate their interests. Judgment for the plaintiff and the defendants Irish appeal. Judgment *reversed.*

J. C. Johnston, and Gustave Kroeger, for Appellants.

The judgment of confirmation, in so far as the action was concerned, was *res adjudicata,* and in all collateral proceedings the benefits assessed against the land are conclusively presumed to be received, and the assessment is not open to revisal or review. (*Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81: *Oregon etc. R. Co. v. Pioneer Irr. Dist.,* 16 Ida. 580, 102 Pac. 904.)

''Whether the water right is an appurtenance depends on whether it is an incident necessary to the enjoyment of the land. The water right is not necessarily appurtenant. to or parcel of any land; and whether it is an appurtenance or parcel is a question of fact resting chiefly upon whether it was used. specially for the benefit of the land in question. When used for irrigation, there will seldom be any doubt of such necessity.'' (*Pendola v. Ramm*, 138 Cal. 517, 71 Pac. 624; Wiel, Water Rights, p. 340, sec. 226.)

''Water originally appropriated by a person for his use on his land became appurtenant thereto, so that when the right was divided, the several rights became appurtenant, respectively, to the tracts conveyed.'' (Wiel, Water Rights, p. 343, sec. 227; *Bloom v. West*, 3 Colo. App. 212, 32 Pac. 846; *Senior v. Anderson*, 138 Cal. 716, 72 Pac. 349; Rev. Codes of Idaho, secs. 3111, 3262.)

Davidson & Bacon, for Respondent.

''The owner of a right to the use of water under a rental system.may sell and dispose of such right and have the place of use of such water changed to other lands.'' (*Hard v. Boise City Irr. Co.*, 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407.)

The proceedings relative to the approval and confirmation of the proceedings of an irrigation district do not involve the contract relations of parties, but relate solely to the assessment of benefits under the irrigation district law. (*Knowles v. New Sweden Irr. Dist.*, 16 Ida. 235, 241, 101 Pac. 81.)

Since a water right is a distinct subject of grant, and transferable either with or without the land, whether a deed to the land conveys the water right depends upon the intention of the grantor, which is to be gathered from the expressed terms of the deed; or, when the deed is silent as to the water right, from the presumption that arises from the circumstances and whether the right is essential to the beneficial enjoyment of the land. (*Arnett v. Linhard*, 21 Colo. 188, 40 Pac. 355.)

AILSHIE, J.—A motion was made in this case to strike the statement from the transcript and to dismiss the appeal,

on the ground that the record contains no certificate by the judge showing that the statement was used on the hearing of the motion for a new trial. While that is true, it does contain a stipulation signed by the attorneys which shows that the statement contained in the transcript was used on the hearing of the motion. This constitutes a sufficient identification, and it therefore follows that the motion must be denied. The affidavit on motion for new trial must be stricken from the transcript, for the reason that it is not incorporated in a statement or bill of exceptions.

This appeal involves a water right of seven and one-half inches of water from what is now known as the Nampa and Meridian Irrigation District canal. Some twenty years ago the respondent herein acquired an eighty-acre tract of land under the Ridenbaugh canal in Ada county, and at the same time secured a water right to the extent of thirty inches from the Ridenbaugh canal for the irrigation of this eighty acres. With this water right and some waste water which he was able to collect he reclaimed the entire tract of eighty acres and cultivated the same until the year 1901, when he sold twenty acres of it to his daughter, Lydia M. Irland. The deed to his daughter appears to have been in the usual form conveying the land "together with appurtenances," but contained no specific mention of any water right. The respondent continued to cultivate and irrigate his remaining sixty acres, and the daughter continued the cultivation and irrigation of the twenty purchased by her, the same as had been done during the previous years. During the time the daughter owned the twenty acres, the respondent paid the water rents for the entire eighty acres and took receipts therefor, the same as he had always done, and no controversy arose over the water right. In 1905 the Nampa and Meridian Irrigation District was organized and acquired the Ridenbaugh canal system. The district thereafter proceeded in conformity with the statute to issue irrigation district bonds and caused the benefits to be apportioned and assessed in conformity with law. In doing so, the district assessed benefits for twenty-two and one-half inches of water against the sixty-

acre tract still owned by the respondent, and for seven and one-half inches against the twenty-acre tract owned by Lydia M. Irland. This proceeding had by the district was duly and regularly confirmed by the court, which judgment has long since become final. In June, 1907, Lydia M. Irland sold and transferred her twenty-acre tract to Guy Matthews, and Matthews thereafter conveyed to the appellants, Newton Irish and Minnie Irish. Immediately after the transfer by Lydia M. Irland, trouble began to brew between the purchasers and respondent over the water right, respondent claiming the entire water right of thirty inches for his sixty-acre tract, while the purchaser, Guy Matthews, and his grantees, the appellants herein, claimed seven and one-half inches of the original water right as appurtenant to the twenty-acre tract. The irrigation district took the view held by the appellants and refused to deliver more than twenty-two and one-half inches to the respondent, and refused to accept payment of rent from him for any greater quantity of water. He thereupon commenced an action against the company for a writ of mandate to compel them to deliver him the full thirty inches, and upon the application of the company the appellants were brought into the case to set up their rights and have the same adjudicated. After a hearing the court rendered and entered a decree in favor of the respondent, and this appeal was thereafter prosecuted.

There is no substantial conflict or dispute over the material facts in this case. What difference there is, is of an immaterial nature. The question confronting us on this appeal is merely one of applying the law to the undisputed facts of the case. In the first place, it is well established that a water right is an appurtenance to the land on which it has been used and will pass by conveyance of the land. (*Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19.) A division of the land would divide the appurtenant water right in the same proportion as it divided the land. (*Senior v. Anderson,* 138 Cal. 716, 72 Pac. 349.) In this case the twenty acres of land was deeded *together with the appurtenances.* This conveyance would carry with it the water right appurtenant to the land at the

time of the conveyance, unless it was specifically reserved in the deed or it could be clearly shown that it was known to both parties that the water right was not intended to be conveyed. It is conceded here that the thirty-inch water right had been used in reclaiming the entire eighty-acre tract of land. It had become appurtenant to the whole tract and not to a specific portion thereof or alone to the sixty acres retained by the respondent. At the time respondent transferred twenty acres to his daughter, and continuously thereafter so long as she owned the same, a sufficient quantity of water was used on the twenty acres to enable her to continue its cultivation and the raising of crops thereon. It is admitted that a portion of this twenty-acre tract was irrigated directly from the Ridenbaugh canal and a part of it was irrigated by the use of waste water which evidently originally came from the same canal. The fact that respondent paid the water rents for the entire thirty inches and covering the entire eighty-acre tract so long as the daughter owned the twenty acres is of no consequence, in so far as his claim is concerned that the whole water right was retained by him and appurtenant to the sixty acres alone. It rather tends to disprove his contention, for the reason that he continuously received his receipt for the eighty-acre tract which covered both his tract and the tract owned by his daughter. When the daughter conveyed to Matthews, she apparently gave the same kind of a conveyance that she had received from the respondent. There is no question whatever but that at the time she conveyed to Matthews there was a water right appurtenant to this parcel of land. Water had been used in irrigating and cultivating this land continuously for more than fifteen years, and under the constitution (art. 15, sec. 4) and the repeated decisions of this court (*Wilterding v. Green*, 4 Ida. 773, 45 Pac. 134; *Gerber v. Nampa & Meridian Irr. Dist.*, 16 Ida. 22, 100 Pac. 88; *Niday v. Barker*, 16 Ida. 73, 101 Pac. 254; sec. 3262, Rev. Codes), water so used became appurtenant to the land, and could never thereafter be denied to the land so long as the owner or occupant paid the rental charges and com-

plied with the reasonable rules and regulations governing the distribution thereof.

There is some conflict in the evidence given by Lydia M. Irland and Guy Matthews as to what was said between them or the understanding had between them with reference to the water right at the time she conveyed to Matthews. This controversy has but little weight on the question, however, when it is remembered that she had been using the water all along and was doing so at the time the conveyance was made and that the water right was then appurtenant to the land. This was obvious at the time of her sale to Matthews. Under this state of facts, it seems to us that section 3111 of the Rev. Codes of this state would intervene for the protection of her grantee. That section reads as follows:

"A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred, in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed."

This section of our statute seems to be identical with sec. 1104 of the Civil Code of California. In *Pendola v. Ramm*, 138 Cal. 517, 71 Pac. 624, the supreme court of California dealt with a somewhat similar question, and applied the provisions of sec. 1104 of the Civil Code of that state, and held that where a party mortgages a tract of land on which his water right in part had been used in conjunction with other lands, he mortgaged the right to continue the use thereof on such land, and that a subsequent foreclosure deed would operate to create an easement in favor of the purchaser in the mortgagor's canal and water right to the extent that it had previously been used in irrigating the tract of land. Paragraph 2 of the syllabus to that case says:

"The right to the water of a canal to the same extent as used by the mortgagor was appurtenant to the mortgaged tract, and passed with the land under the mortgage under Civ. Code, sec. 1104, providing that a transfer of real prop-

erty creates in favor thereof an easement to use other real property of the grantor in the same manner and to the same extent as such property was obviously and permanently used by him.''

Lydia M. Irland does not now claim that she reserved the water right to herself, either in the conveyance or by oral agreement. She rather claims now that it never did belong to the land and that she had never purchased it from her father. These assertions are wholly disproven by the fact that she had been using the water all these years on the land and that it had, as a matter of fact, become appurtenant to the land under the provisions both of the constitution and statute. She did not attempt to segregate this appurtenance from the land and divert and apply it to any other land. Respondent does not claim to have acquired it either by conveyance from Lydia M. Irland or by subsequent application and use upon his own tract of land. He rather claims that he never, in the first place, conveyed it to his daughter, and that it has always been his property and appurtenant to his sixty acres of land. This contention rests purely in theory, and is entirely contradicted by the actual fact of the use and application of the water.

A great deal of argument has been made over the effect of the decree confirming the bond issue and the assessment of benefits made by the district. It is claimed by appellant that this is *res adjudicata,* both as to the extent of the amount of benefits assessed against the several tracts of land and likewise as to the water rights appurtenant to each tract. There can be no question but that the decree of confirmation is *res adjudicata* as to the assessment of benefits. (*Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81; *Oregon Short Line Ry. Co. v. Pioneer Irr. Dist.,* 16 Ida. 580, 102 Pac. 904.) It is doubtful, however, if the decree of confirmation would amount to *res adjudicata* as to a water right or the amount of water appurtenant to any particular tract of land in a controversy arising between various water users over the right and priority of an appropriation made for the use of their respective tracts of land. The trial court undertook to

modify and amend the decree of confirmation so as to re-
lieve the twenty-acre tract owned by appellants from the
assessment of benefits and impose the whole assessment upon
the tract owned by respondent.   This was clearly beyond the
power and authority of the court to do.   (*Knowles v. New
Sweden Irr. Dist.*, 16 Ida. 217, 101 Pac. 81; *O. S. L. Ry. Co.
v. Pioneer Irr. Dist.*, 16 Ida. 580, 102 Pac. 904.)

We therefore conclude that the judgment in this case must
be reversed, and it is so ordered.   The cause is hereby re-
manded, with direction to the trial court to enter a decree in
favor of the appellants for seven and one-half inches of water
appurtenant to the twenty-acre tract of land owned by them,
and a decree in favor of the respondent for twenty-two and
one-half inches of water appurtenant to his sixty-acre tract.
Costs of this appeal will be taxed against the respondent.

Stewart, C. J., and Sullivan, J., concur.

Petition for rehearing denied.