Points Decided.

(September 21, 1912.)

# EMMA L. PADDOCK, Appellant, v. ASAPH D. CLARK, Respondent.

[126 Pac. 1053.]

WATER RIGHTS—APPURTENANCES TO LAND—CONVEYANCE OF LAND.

(Syllabus by the court.)

1. Under the constitution and statutes of this state, a water right is real property, and is an appurtenance to the land irrigated by the use of such water.

2. Where it is shown that a water right is acquired by the owner of land by deed of conveyance, and that such water right after purchase is used by the purchaser upon the land for a beneficial use, such water right becomes an appurtenance to such land, and where after such use such land is conveyed, and in the deed of conveyance said land is described, and the deed further provides "together with the appurtenances," such deed of conveyance not only conveys the land, but the water rights appurtenant to said land.

3. Where a deed of conveyance describes real property as "lots three and four and the east half of the southwest quarter and the southeast quarter of section numbered eighteen in township numbered three, north of range numbered two east of Boise Meridian, Idaho, save and excepting therefrom the northeast quarter of the northeast quarter of the southeast quarter thereof, containing three hundred fourteen and thirty-three hundredths acres . . . . together with the water and water rights used in connection therewith, being the right to demand and receive upon the terms and under the rules and regulations prescribed therefor thirty-five inches of the water of the Nampa and Meridian Irrigation Ditch Canal, formerly known as the Ridenbaugh Canal, together with one hundred ninety-two shares of the paid-up water stock of the New York Canal Company, Ltd., aggregating one hundred eighty-eight and six-hundredths inches of the said water," and said deed also contains the following provision, "together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining : . . . to have and to hold all and singular the above mentioned and described premises, together with the appurtenances unto the party of the second part," such deed clearly shows the intent of the parties to convey the water

rights used in connection with said land and described in the conveyance, and that such description does not include other water rights appurtenant to said land and not described.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to quiet title to water right. Judgment for defendant. Affirmed.

N. M. Ruick and B. W. Oppenheim, for Appellant.

The fact being established that the water right was appurtenant to the land at the time of the conveyance, plaintiff was entitled to judgment, since a water right appurtenant to the land will pass by conveyance of the land, unless expressly reserved or excepted. (*Hall v. Blackman*, 8 Ida. 272, 68 Pac. 19; *Russell v. Irish*, 20 Ida. 194, 118 Pac. 501; *Frank v. Hicks*, 4 Wyo. 502, 35 Pac. 475, 1025; *Cave v. Crafts*, 53 Cal. 135; *Farmer v. Ukiah Water Co.*, 56 Cal. 11; *Clyne v. Benicia Water Co.*, 100 Cal. 310, 34 Pac. 714; *Simmons v. Winter*, 21 Or. 35, 28 Am. St. 727, 27 Pac. 7; *Tucker v. Jones*, 8 Mont. 225, 19 Pac. 571; *Snyder v. Murdock*, 20 Utah, 419, 59 Pac. 91; Mills' Irr. Manual, sec. 130, p. 211.)

The water right was real estate, and did pass by a conveyance of the land as a part of the grant, for which reason it was unnecessary that any reference thereto be made in the deed—even the word "appurtenance" being unnecessary to pass title to the same. (*Russell v. Irish, supra,* and cases there cited.)

Without specific mention of water rights represented by stock, they will not pass with a conveyance of the land as appurtenances. (*Wells v. Price*, 6 Ida. 490, 56 Pac. 266; *Watson v. Molden*, 10 Ida. 570, 79 Pac. 503.)

An analogous case is that of *Mason v. Thwing*, 87 N. Y. Supp. 991, 94 App. Div. 77.

The legal effect of a written instrument, even though not apparent from the terms of the instrument itself but left to be implied by law can no more be contradicted, explained or

controlled by parol or extrinsic evidence than if such effect had been expressed.    (17 Cyc. 570.)

A deed which is upon its face an absolute grant is not subject to have reservations or limitations ingrafted thereon by parol or extrinsic evidence of intentions, understandings or agreements contradictory to or at variance with its language. (17 Cyc. 620; *Hubenthal v. Spokane & I. R. Co.,* 43 Wash. 677, 86 Pac. 955; 1 Elliott, Evidence, sec. 613; 9 Ency. of Ev. 437.)

Alfred A. Fraser, for Respondent.

The 75 inches of water in controversy herein was conveyed to Mrs. Paddock by the deed from Mr. Clark as an appurtenance to the lands conveyed.    Nothing passes by the word "appurtenant" except such easements, rights or privileges as are strictly necessary to the proper enjoyment of the estate granted. (*Root v. Wadhams,* 107 N. Y. 384, 14 N. E. 281; *Gale v. Heckman,* 38 N. Y. Supp. 86, 16 Misc. Rep. 376; *Fond du Lac Water Co. v. Fond du Lac,* 82 Wis. 331, 52 N. W. 439, 16 L. R. A. 581; *Linthicum v. Ray,* 9 Wall. (U. S.) 243, 19 L. ed. 657; *Humphreys v. McKissock,* 140 U. S. 311, 11 Sup. Ct. 779, 35 L. ed. 473; *Sweetland v. Olsen,* 11 Mont. 27, 27 Pac. 339; *Frank v. Hicks,* 4 Wyo. 502, 35 Pac. 476, 1025; *Cave v. Crafts,* 53 Cal. 135; *Simmons v. Winters,* 21 Or. 35, 28 Am. St. 727, 27 Pac. 7; *Hindman v. Rizor,* 21 Or. 112, 27 Pac. 13.)

The deed itself, having mentioned a certain and specific water right as being conveyed with the land, excludes any other water right which the respondent might have owned at that time from passing as an appurtenant to the land conveyed. (Wiel on Water Rights, sec. 552; *North Am. Explor. Co. v. Adams,* 104 Fed. 404, 45 C. C. A. 185; *Russell v. Irish,* 20 Ida. 194, 118 Pac. 501; *Davis v. Randall,* 44 Colo. 488, 99 Pac. 322.)

STEWART, C. J.—This action was brought by the appellant against the respondent to quiet title to 75 inches of water of the Boise river going through the New York canal

and the Penninger lateral, and used and applied to a beneficial use upon lands owned by the respondent prior to the time such land was conveyed by respondent to the appellant. Judgment was rendered for respondent. This appeal is from the judgment and from the order denying a motion for a new trial.

The controversy arises out of the construction to be placed upon a deed conveying title to real property made by respondent to appellant. The appellant contends that the execution and delivery of such deed conveyed the title to all the water used upon said land prior to the making of such conveyance, whether such water right be specifically described in the deed or is described as an appurtenance to the land described. While the respondent contends that the deed describes the property conveyed specifically, and that the language of the deed and the intent of the parties excluded all water rights not described.

The solution of this question depends largely upon the construction of the deed of conveyance. This deed describes the property as follows:

"All of lots three (3) and four (4) and the east half of the southwest quarter (E. ½ SW. ¼) and the southeast quarter (SE. ¼) of section numbered eighteen (18) in township numbered three (3) north of range numbered two (2) east, of Boise Meridian, Idaho, save and excepting therefrom the northeast quarter of the northeast quarter of the southeast quarter (NE. ¼ NE. ¼ of SE. ¼) thereof, containing three hundred fourteen and thirty-three hundredths (314.33) acres more or less, according to the government surveys thereof; together with the water and water rights used in connection therewith, being the right to demand and receive upon the terms and under the rules and regulations prescribed therefor thirty-five (35) inches of the water of the Nampa and Meridian Irrigation Ditch Canal, formerly known as the Ridenbaugh Canal, together with one hundred ninety-two (192) shares of the paid-up water stock of the New York Canal Company, Ltd., aggregating one hundred eighty-eight

and six-hundredths (188.06) inches of the said water of said canals.''

Said deed also contains the following provision: ''Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in any wise appertaining, the reversion and reversions, remainders, rents, issues and profits thereof and all estate, right, title and interest in and to the said property as well in law as in equity of the said party of the first part.

''To have and to hold all and singular the above mentioned and described premises, together with the appurtenances unto the party of the second part and to her heirs and assigns forever.''

The trial court upon the proof found that the defendant was the owner of a certain water right to the perpetual use of 75 inches of water, measured under a four-inch pressure, continuous flow of the water in the New York canal, and that such water had been used for several years on the land sold by the defendant to the plaintiff; that such water right was exclusive of and from the 35 inches of water from the Ridenbaugh canal and the 192 shares of paid-up water stock of the New York Canal Company, Limited, mentioned in the deed made by the defendant to the appellant, dated the 11th day of August, 1909; that the 75 inches of water in controversy never had been represented by shares of stock in the New York Canal Company, nor otherwise than by a deed of conveyance of real property, duly executed, acknowledged and recorded, and that since the acquisition by the defendant of said water right, and for more than five years prior to and up to and including the execution of said deed of August 11, 1909, said water has been used upon the land described and so conveyed, and had become an appurtenance thereto, and that the lands are arid and require water to be artificially applied to cultivate the same; that at the time the sale was made to the plaintiff, the appellant's agent, who negotiated said sale on behalf of the plaintiff, understood that six-tenths of an inch of water per acre was to be conveyed with said land, and that he agreed thereto, and that it was understood by both the plaintiff's

agent and the defendant that the water to be conveyed with the land was that which was specifically mentioned in the said deed and the escrow agreement; that the 75 inches of water in controversy which is not specifically mentioned in said deed was not intended to be conveyed by said deed.

In considering the provisions in the deed of August 11, 1909, the constitution and statutes of this state, and the construction placed thereon by this court, should not be overlooked, but should control the court in arriving at the proper rule for construing such conveyance. Sec. 4, art. 15 of the constitution provides: "Whenever any waters have been, or shall be, appropriated or used for agricultural purposes, under a sale, rental, or distribution thereof, such sale, rental or distribution shall be deemed an exclusive dedication to such use."

Sec. 3056 of the Rev. Codes provides: "Real property or real estate consists of:

"1. Lands, possessory rights to land, ditch and water rights, and mining claims, both lode and placer;

"2. That which is affixed to land;

"3. That which is appurtenant to land."

Under the constitution and statutes, this court has universally held that a water right is real property, and that it is an appurtenance to the land irrigated by the use of such water. (*Ada County etc. Co. v. Farmers' etc. Co.,* 5 Ida. 793, 51 Pac. 990, 40 L. R. A. 485; *McGinniss v. Stanfield,* 6 Ida. 372, 55 Pac. 1020; *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; *Taylor v. Hulett,* 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Nielson v. Parker,* 19 Ida. 727, 115 Pac. 488; *Russell v. Irish,* 20 Ida. 194, 118 Pac. 501.)

The trial court further found that the 75 inches of water in controversy was acquired by the owner of the land where it was used by deed of conveyance and not by the purchase of stock in the New York canal, and that since the respondent acquired said water right it had been used by the defendant upon the land described and conveyed and became an appurtenance thereto, and that said lands were arid and require water for irrigation, and that it has been so used for more

than five years prior to the making of such deed. This finding of the court is supported by the evidence, and there is no conflict in the evidence on these facts. This being true, such water so used became an appurtenance to the land, and the conveyance of the land, "together with the appurtenances," would convey not only the land but the water right appurtenant to said land, unless it appeared by the terms of the conveyance that such right was reserved, or that it is clearly shown by the evidence that both parties intended not to include said water right by such conveyance. (*Russell v. Irish,* 20 Ida. 194, 118 Pac. 501.)

It will be observed by the deed that it specifies: "Together with the water and water rights used in connection therewith, being the right to demand and receive upon the terms and under the rules and regulations prescribed therefor thirty-five inches of the water of the Nampa and Meridian Irrigation Ditch Canal, formerly known as the Ridenbaugh Canal, together with one hundred ninety-two shares of the paid-up water stock of the New York Canal Company, Ltd., aggregating one hundred eighty-eight and six-hundredths inches of the said water of said canals." This language, to our minds, clearly indicates that the water intended to be conveyed is the specific water described in the deed and used in connection with said land, and that in placing said language in the deed the intention of the parties was to limit the water rights conveyed to the specific descriptions given, and that all other and different water rights were excluded from such conveyance, and that this intention is in no way modified or conditioned by the language, "together with all and singular . . . . appurtenances thereto belonging or in any wise appertaining."

The language used in the deed is plain and certain, and clearly declares that the grant includes the land described, and in addition to such land, the deed recites: "Together with the water and water rights *used in connection therewith,* being the right to demand and receive upon the terms and under the rules and regulations prescribed therefor"; then follows the description of such specific water rights intended to be conveyed, as being the water rights used in connection

therewith.  This language clearly excludes any presumption
that other water rights were intended to be conveyed by such
deed.

Mr. Wiel, in his work entitled ''Water Rights in the West-
ern States,'' in vol. 1, p. 590, announces the rule which clearly
applies to the language used in the deed of conveyance in-
volved in this case, and the author says: ''The expression
in the deed that certain specific water rights shall pass has
been held *per se* a reservation of all others not mentioned;
that is, the expression of one is sufficient evidence to exclude
any presumption of intent to include others not mentioned.
Where a deed to land specifically described the water rights
granted, the grantee did not take by implication additional
water rights to irrigate a part of the land which could not be
irrigated from the rights granted, even though the parties
did not adhere in their use strictly to the terms of the grant.''

This construction of the language used in the deed is also
supported by the evidence.  It is shown by the evidence that
Royal D. Stearns was acting as the agent of the appellant
in the purchase of the land and water rights appurtenant
thereto involved in this case, and that such negotiations were
carried on between Royal D. Stearns, acting for the appellant,
and Homer I. Clark, acting for Asaph D. Clark, the respond-
ent.  During such negotiations Homer I. Clark told Mr.
Stearns that he proposed to sell with that land six-tenths of
an inch of New York water to the acre.  A witness, Charles
S. Kingsley, testified that his name is signed to the deed as
a witness, and that he had a conversation with Stearns at the
time in regard to the water that should go with the land that
was being conveyed, and testifies: ''I said to him that a
change had been made in the deed from the provisions pro-
viding for six-tenths inches of water of the New York canal,
the provisions contained in the deed prepared by me at the
suggestion of Mr. Clark, for the reason that it was not desired
to convey other waters which Mr. Clark was the owner of,
and particularly to reserve the waters of the New York canal
because they were transferable, whereas certain waters of
the Ridenbaugh canal, aggregating thirty-five inches, had been

used upon the land and were not transferable as we understood; that thirty-five inches of the waters of the Ridenbaugh canal had been substituted for an equal quantity of the waters of the New York canal, and that the aggregate amount of water was the same, six-tenths of an inch per acre, as contained in the deed theretofore prepared.'' And that in a conversation with J. R. Good, Stearns and Homer I. Clark being present, Stearns inquired of Good as to the character of the water right in the Ridenbaugh canal, and they discussed together the quality of the water right, and after having so done, Stearns signified his willingness to accede to the change, and the deed and escrow were executed and placed in the bank, and in that conversation Stearns said that if the Ridenbaugh water was as good a water right as the other, he had no objection to the change.

J. R. Good, who was present at the conversation, testified that prior to the time of the execution of the deed from Clark to Mrs. Paddock he discussed with Stearns the question of the water right that was to go with the land to Mrs. Paddock, and informed Stearns at that time that the amount of water which went to the land was that specified in the deed; that he informed Stearns that six-tenths of an inch of water went to each acre of land.

Royal D. Stearns testified for the plaintiff that in the first part of August, 1909, he was employed by Mrs. Paddock, the appellant, to examine the land described in the complaint, near Boise, with a view to purchasing the same; that he conducted all the negotiations for the purchase of said property as the sole representative of the plaintiff; that J. R. Good of Boise had no authority to represent the appellant in such negotiations, and acted only as a real estate broker in endeavoring to sell the property of the defendant; that during the negotiations which resulted in the purchase of the land he had no knowledge, no understanding, no suggestions at any time from anybody that the defendant in the case intended to, or expected or even desired to, reserve any water privileges or water rights that ever had been or were then being used upon said described land, or that in any way be-

longed to or were concerned with said land; that he had no agreement or understanding to any extent that any portion of the water or water rights that belonged to or had been used upon said land was reserved or intended to be reserved by the defendant.

The witness Good specifically called attention to the conversation had with Stearns and Clark before the deed was executed, and says: "The next day the talk or conversation was this, that the number of shares to constitute the six-tenths of an inch to the acre from the New York company should be reduced to then figured, as I remember, 192 shares of New York water stock and that the 35 inches of water being used on the premises from the Ridenbaugh ditch was to go in to make up the six-tenths of an inch. As I remember, that meant and was talked over in the conversation that there was 192 shares of New York water stock to go with the land and 35 inches of the Ridenbaugh water. That was about the line of the conversation. I do not believe or recollect that anything was said about the 75 inches of water." This latter statement of the witness was corroborated by Kingsley and Clark, that nothing was said about the 75 inches of water, but the testimony of all the witnesses is to the effect that the conversation was as to what water right went with the land to be conveyed from Clark to Mrs. Paddock, and that it was to be six-tenths of an inch to the acre.

This evidence clearly corroborates the language of the deed. The land conveyed consists of 314.33 acres, with a water right of 35 inches from the Nampa and Meridian Ditch canal, and 192 shares of the paid-up water stock of the New York Canal Company, aggregating 188.06 inches of water from the two canals for the 314.33 acres, making about six-tenths of an inch to the acre, in accordance with the understanding and contract made, which resulted in the execution of the deed to the land, and is strictly in accordance with the terms of the deed; if there was any doubt at all as to what was intended by the parties at the time the deed was executed, this evidence shows such intent to be in accordance with the language used in the deed.

Counsel for appellant urge that it was error for the trial court to admit the testimony of Clark, Good and Kingsley as to the conversation had with Stearns concerning the water right to be conveyed with the land to be purchased by Mrs. Paddock, made prior to the execution of the deed. The facts related by these witnesses as to what took place at this conversation are not in conflict with the deed, but are in support of the language used in the deed. It is corroborative only; it in no way varies the terms of the deed, but it does show, as the deed shows, the intent of the parties to be exactly what is expressed in the deed, and therefore the rule applicable to varying or contradicting a written instrument by parol evidence does not apply, but the rule does apply as announced by this court in *Russell v. Irish,* 20 Ida. 194, 118 Pac. 501, wherein it is said: "This conveyance would carry with it the water right appurtenant to the land at the time of conveyance, unless it was specifically reserved in the deed, or it could be clearly shown that it was known to both parties that the water right was not intended to be conveyed." It will thus be seen that the evidence objected to clearly shows that it was known to both parties that the water right now in question was not intended to be conveyed.

The supreme court of Colorado, in the case of *Davis v. Randall,* 44 Colo. 488, 99 Pac. 323, had under consideration a case involving practically the same facts involved in the present case. In that case the deed in question conveyed certain specific water rights, and the contention was made, as in this case, that as the grantor was the owner of other water rights at the time of the conveyance which were appurtenant to the land, that such water rights passed to the grantee as an appurtenance to the land conveyed, and in discussing the question now being considered the court said: "In this state the right to the use of water for irrigation is deemed real estate, and is a distinct subject of grant, and may be transferred either with or without the land for which it was originally appropriated, and whether a 'water right' passes in a deed of land as an appurtenance, in the absence of express terms in the deed, depends upon the circumstances of the par-

ticular case and the intention of the parties. (*Strickler v. City of Colorado Springs,* 16 Colo. 61, 25 Am. St. 245, 26 Pac. 313; *Arnett v. Linhart et al.,* 21 Colo. 188, 40 Pac. 355.)

"This doctrine has been often approved in this court in subsequent cases. Plaintiff's deed is not silent as to the easements in ditches or the water rights which his grantor intended should pass. On the contrary, it is very specific, and clearly defines the particular interest or easements in ditches and the water rights which are the subject of the grant. Quite true, no water rights were specifically described or conveyed with which the northern portion of the northern twenty-acre tracts could be irrigated. Nevertheless, the grantor had the right, if the grantee was willing to accept the deed, to convey only sufficient water rights to irrigate the southern portion of the northern row of twenty-acre tracts. The deed having thus clearly described the water rights which it was the intention of the grantor to convey, there is no room for the application of the doctrine of implied grants for which plaintiff contends. The matter is one of convention and not of implication, and the extent of plaintiff's water rights is to be determined by the express terms of his deed. This is the general doctrine, and is clearly recognized by the authorities." Further on in the opinion the court cites two cases from the supreme court of Virginia, and in commenting on these cases says: "The supreme court of Virginia explicitly and clearly states that the doctrine does not obtain where the intention of the parties is expressed in terms, and in the latter case said: 'When not thus expressed, the construction will be controlled by the use and condition of the property at the time of sale, and certain implications and presumptions of law arising thereon. But these implications or presumptions will only be applied in the absence of an express contract on the subject between the parties. Where there is such contract, the case must be governed by it "upon the ground of convention, between those who have a disposing power."'" To apply the law thus laid down to the facts of this case, we have here a deed in which the parties, by express contract, have said what particular water rights shall pass to, and in connection

with the grant of, the several parcels of land. The grantee, therefore, takes only such water rights as are by the express terms of the contract of conveyance described. The intention of the parties being expressed, no implication as to other water rights arises."

This same rule is found in the text of Wiel on Water Rights, vol. 2, p. 590.

So in the case at bar, the deed in terms having particularly described the water rights which were conveyed in connection with the land, the appellant took such water rights as are by the terms of the deed of conveyance described, and the intention of the parties being expressed in the contract, there can be no implication that other water rights were intended by the parties by reason of the appurtenance clause.

Counsel for appellant assign as error the court's finding wherein it is found that the appellant, at the time the conveyance was made on August 1, 1909, was fully informed that the water rights mentioned in such conveyance were all and the only ones that were to be or were conveyed to the plaintiff by virtue of such conveyance, and bought the land with this express understanding and agreement. This finding of the trial court is supported by the great weight of evidence, and the evidence clearly proves without any question that it was the understanding between the parties who made the contract of sale, Stearns acting for the plaintiff and Homer I. Clark acting for respondent, and Charles S. Kingsley and J. R. Good being present, that the water to be transferred in connection with the land was to be equivalent to six-tenths of an inch to the acre, and that a change was made with reference to certain water after the contract had been made, and the specific water to be conveyed was changed, and stated in the deed of August 11, 1909, and the description of the water conveyed, as stated in the deed, corresponds in quantity to that discussed and agreed to by the parties when the contract of sale was made. There was no error in this finding.

Objection is also made to the finding of the court to the effect that at the time of the sale of said land, the plaintiff understood that six-tenths of an inch of water was to be con-

veyed with said land, and that he agreed thereto, and that it was understood by both the plaintiff's agent and the defendant that the water to be conveyed with the land was that which was specifically mentioned in the said deed and the said deed and escrow agreement, and that the 75 inches in controversy which was not specifically mentioned in the deed, was not intended to be conveyed by said deed. What has been said with reference to this question above answers the objection made to this finding.

It is also urged that the court erred in not finding that the 75 inches of water in controversy was conveyed under the deed of August 11, 1909, and also in not quieting title to the said 75 inches of water in the plaintiff. What has been said with reference to the evidence in this case in other findings answers the objection made to such finding.

We think the rule is well recognized in this state that water applied to land for a beneficial use in the cultivation and development of the same becomes appurtenant to the land, and where such land is conveyed, that the water right appurtenant thereto passes with the conveyance of the land, where nothing to the contrary appears, but where such conveyance specifies the specific water conveyed in the body of the deed in connection with the description of the land, it is a clear and distinct declaration of the intention of the parties to the contract of conveyance to pass title to the land, and likewise the water rights described, and that no other water appurtenant to the land is intended to be conveyed; and that the provision in the deed "together with all and singular . . . . appurtenances thereto," was not intended by the parties to include other water rights in addition to those specifically described.

There are other errors assigned upon which a reversal is asked, but after a careful examination of the same we find no merit in such alleged errors. The judgment is affirmed. Costs awarded to respondent.

Sullivan, J., concurs.

AILSHIE, J., Concurring.—I concur in the conclusion reached. When the several provisions of the deed are considered and construed together, I think it may fairly be said that the parties agreed and contracted together that the *only* water rights appurtenant to the land conveyed were: "Thirty-five inches of the water of the Nampa and Meridian Irrigation Ditch Canal, formerly known as the Ridenbaugh canal, together with one hundred ninety-two shares of the paid-up water stock of the New York Canal Company, Ltd., aggregating one hundred eighty-eight and six-hundredths inches of the said water." I do not agree, however, that oral evidence was admissible to explain or show what appurtenances were intended to be conveyed. The deed should and does speak for itself. It is not ambiguous. Neither do I agree with the general proposition which seems to be advanced by this opinion that where certain appurtenances are named, others not named are intended to be excepted from the grant. The contrary is the correct rule, as I understand it, namely, that a grant of *appurtenances* carries *all* appurtenances not specifically reserved. (*Russell v. Irish,* 20 Ida. 194, 118 Pac. 501.)