[Sac. No. 603. Department Two.—June 16, 1899.]

SAN JOAQUIN VALLEY BANK, Respondent, v. EMILY DODGE et al., Appellants.

Way of Necessity—Title Under Foreclosure of Mortgage—Way Over Homestead of Mortgagor.—A way of necessity arises when one grants a parcel of land surrounded by his other lands, or where the grantee has no access to it from the public road except over the land of the grantor, or that of a stranger; and this rule applies to a grantee who takes title under foreclosure of a mortgage to land so situated that there is no access thereto excepting across a homestead of the mortgagor, which was included in the mortgage, but was not sold thereunder.

Id.—Sufficiency of Complaint—Description of Way—Stipulation—Appeal.—A complaint to establish a way of necessity, which sets forth the facts as to the ownership by the different parties, and shows the right to a way of necessity, is not fatally defective for not describing the way, the location of which the defendant had the right to dictate; and where the case was tried

on the theory that the complaint was sufficient, and the parties stipulated as to the proper description of the way, if it should be adjudged that one exists, the complaint will be held sufficient upon appeal.

Pleading — Amendments — Discretion — Presumption. — Amendments to pleadings are within the discretion of the court below; and it is presumed that such discretion will be exercised in furtherance of justice, and with a view of disposing of cases upon their merits. The appellate court will not interfere, unless such discretion is abused.

Id.—Amendment to Answer—Statute of Limitations—Submission of Cause.—It is not an abuse of discretion to refuse to allow an amendment to the answer, so as to plead the statute of limitations, where the application therefor was not made until after the case was tried and submitted.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

Louttit & Middlecoff, for Appellants.

The homestead, having been released from the lien of the mortgage, cannot be subjected to execution, or to any burden imposed by the mortgagee or his successors in interest, and cannot be taken upon execution, in whole or in part, in an action for a way. (Civ. Code, secs. 1240, 1241; *Fitzell v. Leaky,* 72 Cal. 477; *Beaton v. Reid,* 111 Cal. 484.) The interest of the wife in the homestead cannot be subjected to any way, growing out of any act on the part of the husband. (Civ. Code, sec. 1242; *Barber v. Babel,* 36 Cal. 11; *Porter v. Bucher,* 98 Cal. 454; *San Francisco v. Grote,* 120 Cal. 59; 65 Am. St. Rep. 155.) One tenant in common cannot create a way over common property. (1 Washburn on Easements, 222; *Crippen v. Morss,* 49 N. Y. 63; *Palmer v. Palmer,* 150 N. Y. 139; 55 Am. St. Rep. 653.) There can be but one way of necessity, and this way must be over the lands of the last grantor granting to the person claiming the way of necessity. (1 Washburn on Easements, 40, 41, 218.) The way should have gone over the lands of parcel 3, on foreclosure, and not over the homestead lands. (*Currier v. Howes,* 103 Cal. 431.) The creditor who creates the necessity for the way must bear the burden of giving the way. (*Pettingill*

*v. Porter*, 8 Allen, 1; 85 Am. Dec. 671; *Russell v. Jackson*, 2 Pick. 573; *Lankin v. Terwilliger*, 22 Or. 97.) The homestead, having been occupied by husband and wife for five years, no way of necessity could be established over it. (Code Civ. Proc., sec. 322.) The facts showing this appeared in the answer, and this was a sufficient plea. (*Montgomery v. Locke*, 72 Cal. 75; *Manning v. Dallas*, 73 Cal. 420.) The refusal of the court to permit an amendment to plead the statute of limitations was an abuse of discretion. An easement is subject to the statute of limitations. (*Yeager v. Woodruff* (Utah), 53 Pac. Rep. 1045.) The statute of limitations is no longer regarded with disfavor by the courts. (1 Ency. Pl. & Pr. 500; *Gilchrist v. Gilchrist*, 44 How. Pr. 317; *McQueen v. Babcock*, 3 Keyes, 428; *White v. Turner*, 2 Gratt. 502; *Hibernia etc. Soc. v. Jones*, 89 Cal. 507; 25 Am. St. Rep. 145.)

Minor & Ashley, for Respondent.

The right of way of necessity is recognized in this state; and the principles established by the decisions in this state sustain the judgment in this case. (Civ. Code, sec. 801, subd. 4, sec. 1104; *Kripp v. Curtis*, 71 Cal. 63; *Taylor v. Warneky*, 55 Cal. 350; *Blum v. Weston*, 102 Cal. 362; 41 Am. St. Rep. 188, and cases there cited.)

COOPER, C.—Action to have plaintiff adjudged owner of a right of way of necessity over lands of defendant Emily Dodge. Judgment for plaintiff. Motion for new trial, which was denied. Defendant appeals from the judgment and order. The facts, briefly stated, are as follows: On December 3, 1881, one Dodge was the owner of a tract of land which he mortgaged to one Hewlett. In the year 1885 Dodge recorded a declaration of homestead on a portion of the land so mortgaged, which homestead was afterward duly set apart by the superior court to said Dodge in insolvency proceedings. The family of Dodge consisted of himself and wife, Emily Dodge, one of the defendants in this case.

On July 21, 1886, Hewlett commenced an action to foreclose his said mortgage, making Dodge and his wife Emily defendants. On October 6, 1886, the court decreed that Hewlett recover judgment against said Dodge, the mortgagor, for fifteen

thousand seven hundred and eight dollars and eighty cents, and
that the said judgment was a lien upon five separate parcels of
land, which are described and referred to in this action as lots
1, 2, 3, 4, and 5. Lot 5 was the homestead so selected. The
decree directed the sale of the land in five separate parcels in
the order of their numbering and that if sufficient money should
be raised from the sale of the parcels numbered 1, 2, 3, and 4,
that parcel number 5, being the homestead, should not be sold.
On November 4, 1886, the property described in said decree as
lots 1, 2, 3, and 4 was sold to different purchasers and sufficient
money realized from the sale to pay the judgment, leaving the
homestead unsold and free from the mortgage lien. At the said
sale one Ladd became the purchaser of lot 4, and the plaintiff
thereafter, by mesne conveyances, prior to the commencement
of this action, became the owner of said lot 4. The land mort-
gaged as a whole was bounded on the east by a public highway
known as the Waterloo road, and the homestead is bounded on
the east by said public highway. Lot numbered 4 is bounded
easterly and southerly by the Calaveras river, westerly by
lands of strangers, and on the north by lot 3 and the homestead
lot. The homestead lot lies east of lot 3 and thus forms the
boundary of a portion of the northerly line of lot 4. When lot
4 was sold at said foreclosure sale, at all times since, and now,
said highway known as the Waterloo road could not be reached
except by crossing over the homestead without crossing the lands
of strangers, and plaintiff is unable to use and enjoy its said
property without a way to it from said public highway. Dodge
died in July, 1893, leaving the defendant, Emily Dodge, the
sole owner of the homestead. The principal question in this
case is whether or not, by the sale of lot 4 under the decree of
court, the homestead was burdened with a way of necessity
from said lot 4 to the highway. A way of necessity arises when
one grants a parcel of land surrounded by his other land, or,
where the grantee has no access to it except over the other land
of the grantor or as an alternative by passing over the land of
a stranger. In such cases the grantor impliedly grants a right
of way over his land as incident to the purchaser's occupation
and the enjoyment of the premises granted. The general rule is
not questioned, and if Dodge, the mortgagor, instead of the

sheriff had sold lot 4, and if the homestead had not been filed, the rule would, beyond question, apply to him. It is claimed that the rule does not apply to the defendant, Emily Dodge, in this case for two reasons: 1. Because the premises were sold by the sheriff under order of the court; and 2. Because of the home-stead having been filed prior to the decree and sale. One of the earliest cases, decided more than one hundred years ago, is *Howton v. Frearson*, 8 Term Rep. 50. One S. Dalby, a widow, was seised for her life of certain lands in the liberty of Ockbrook, which estate was limited in remainder to her son, J. J. Dalby, in tail. The mother died and her said son became entitled to the lands. By the will of the son certain trustees were appoint-ed for the sale of the lands, and after his death the said trus-tees sold to the plaintiff in said case three parcels of land, to wit, the "allotment," "Draycott field," and "Carr close," and to defendant the "upper meadow." Soon after defendants pur-chased, the owners of other portions of lands purchased at the trustees' sale closed up the way over their lands leading to de-fendant's lands, the "upper meadow." The case was argued at length in Trinity term as to whether or not the rule applied to a grant made by trustees. Lord Kenyon entertained great doubt upon the question and ordered that the case might be argued again at the next term. Upon the calling of court and before the case was reargued the learned chief justice said: "Upon fur-ther consideration I find it impossible to distinguish this from the general case where a man grants a close surrounded by his own land (in which case the grantee has a way to it of necessity over the land of the grantor) merely on the ground that the plaintiff conveyed to the defendant in the character of trustee, for it cannot be intended that he meant to make a void grant. There being no other way to the defendant's close but over the land of one of the persons who granted to him, he was entitled to such a way of necessity upon the authority of all the cases, upon the principle that every deed must be taken most strongly against the grantor. . . . . There are, I think, great difficulties in the question, but in the other mode of considering the case those difficulties are gotten rid of altogether and it falls within all the authorities, which are not controverted even by the plain-tiff." The rule thus laid down by Lord Kenyon has ever since

CXXV. CAL.—6

been the rule in England and in this country. In *Collins v. Prentice*, 15 Conn. 39, 38 Am. Dec. 61, it was held to apply by one purchaser against another at probate sale made by executors under order of court, both purchases being made on the same day and as parts of same estate. In *Pernam v. Wead*, 2 Mass. 202, 3 Am. Dec. 43, it was held to apply in favor of a debtor as against a creditor who had taken part of the debtor's land under execution, leaving him no passage to the highway. In *Taylor v. Townsend*, 8 Mass. 411, 5 Am. Dec. 107, it was held to apply in favor of a creditor as against a debtor when the creditor had certain lands set off to him under execution but no way of reaching them except on the lands of the debtor not so set apart. In the late case of *Schmidt v. Quinn*, 136 Mass. 575, the rule was again applied as against the judgment debtor in favor of the party holding under the execution. The court, in discussing the case, said: "We see no reason why the rule of law should not be the same where the grant is involuntary as by the levy of an execution, even although a right of way might have been expressly included in the levy but was not." It was applied to purchases made by tenants in common in *Smyles v. Hastings*, 22 N. Y. 217, and to mutual deeds arising on the settlement of an estate. (*Palmer v. Palmer*, 150 N. Y. 139; 55 Am. St. Rep. 653.) It was applied in favor of a mortgagor purchasing at foreclosure sale as against the mortgagee and over lands not described in the mortgage in the well-considered case of *John Hancock Mut. Life Ins. Co. v. Patterson*, 103 Ind. 582, 53 Am. Rep. 550, and in *Ellis v. Bassett*, 128 Ind. 118, 25 Am. St. Rep. 421, the same rule was held to apply against the purchaser from the widow of Bassett of a five-acre tract of land which had been set apart to her in partition proceedings in the estate of her husband and in favor of the purchaser at administrator's sale of the other part of the real estate. This court in *Blum v. Weston*, 102 Cal. 362, 41 Am. St. Rep. 188, applied the same rule in partition proceedings as to parties holding under the decree of the court. The court approved the rule as announced in *Ellis v. Bassett, supra,* and held that the decree had the effect of vesting the title in the different parties and that the rule would apply precisely as if they had conveyed to each other. Further authorities supporting the rule are: *Rus-*

*sell v. Jackson,* 2 Pick. 574; Jones on Easements, secs. 309-12; Washburn on Easements, 261; Goddard's Law of Easements, 269. It is claimed with considerable plausibility that the sale freed the homestead from the lien of the mortgage, and that under Civil Code, sections 1240-42, the homestead cannot be invaded even for the purposes of a way of necessity. We have carefully examined the authorities cited and we think the rule applies to the homestead in this case. The land was all mortgaged by Dodge for his indebtedness. By the mortgage and at the date of its execution he authorized the mortgagee, in case the debt was not paid, to sell the land for the purpose of paying it. The filing of the homestead only protected the premises therein described from future liabilities, and gave the mortgagor or his wife the right in foreclosure proceedings to have the land not included in the homestead sold first, and if the proceeds should be sufficient to pay the debt to have the homestead reserved from sale. The homestead did not relieve the property therein described from the lien of the mortgage. If the mortgagor had sold the four lots, the defendant Emily joining in the deeds, the rule would apply to them. The premises were sold by Dodge through the decree of court under the authority given when the mortgage was made, at which time there was no homestead upon the premises. For the benefit of defendants in the foreclosure proceedings the decree provided that the land should be sold in five different lots, and that if the first four lots could be sold for enough, then lot 5 should be saved as a home. If the purchaser of lot 4 could not use the same because of no way to reach it, and that fact had been announced at the sale, the homestead might have had to be sold under the decree. To apply the rule to the purchaser of lot 4, and against the very person who was benefited by its sale, seems to us to be just and in accordance with the authorities. This disposes of the vital point in the case, and the judgment of the court below being in accord with what has been said, we would not feel justified in disturbing it for errors in the trial or proceedings unless material injury has been done. It is claimed that plaintiff's cause of action is barred by the statute of limitations, but it is sufficient to say that the statute is not pleaded, even if it applied to the facts of this case. Counsel seem to have been of the

same opinion, as they asked leave to file an amended answer pleading the statute of limitations long after the case was tried and submitted, and they now claim it was error in the court to deny their application. Amendments to pleadings are left much to the discretion of the court below, and it is presumed that such discretion will always be exercised in furtherance of justice and with the end in view of disposing of cases upon their merits. We cannot interfere except in cases where such discretion is abused. In view of the fact that the application was made after the case had been submitted and was made for the purpose of allowing defendant to plead· the statute of limitations, we cannot say that the court abused its discretion. It is claimed that the complaint does not state facts sufficient to constitute a cause of action because it states that defendant Emily Dodge is the owner seised in fee and entitled to the possession of lot 5, and, further, because there is no description of the right of way claimed in the complaint. The complaint sets forth the facts as to the ownership by different parties and the claim of plaintiff to the way. It would have been difficult to describe a way which had been denied to plaintiff and the location of which the defendant had the right to dictate. No demurrer was filed in the court below and no objection was made during the trial to the complaint. The case was tried upon the theory that it was sufficient. In view of these facts, and in view of the fact that the parties have stipulated as to the proper description of the way in case the law adjudges that one exists, we must now hold the complaint sufficient. It is said the evidence is insufficient to justify finding four .as to the date of recording the declaration of homestead, and that it was recorded September 22, 1885, instead of December 17th, as found by the court. The date is wholly immaterial as we view the case. Granting that the homestead was recorded September 22d, it would not change the views here expressed. Other findings are objected to, but we think there is evidence to support them. The questions asked of the witness Dodge to which objections were made do not appear to have been improper. As to whether or not there was a well-defined road along Calaveras creek, and as to which was the most convenient way to reach the highway, were facts tending to throw light upon the necessity for a way over the lands of defendant.

We think the judgment and order should be affirmed, and so advise.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.