[Sac. No. 1038. Department One.—February 18, 1903.]

## JAMES B. PENDOLA, Respondent, v. JOHN G. RAMM et al., Appellants.

WATER RIGHTS—USER UPON THREE TRACTS—MORTGAGE OF ONE TRACT—EASEMENT.—Where the owner of a canal and water right used the same habitually upon three tracts of land, one of which was mortgaged to the plaintiff, who acquired title thereto under foreclosure, the plaintiff thereby acquired an easement upon the other lands for

the use of the mortgagor's canal and water right, as to the part thereof appropriated to the mortgaged tract; but nothing more can be justly claimed by the plaintiff.

ID.—OCCUPANCY OF OTHER TRACTS—APPURTENANT WATER RIGHT—CONVEYANCE OF TITLE FROM THIRD PARTIES.—As against all but the owner, the occupancy of the other two tracts by the mortgagor, upon which the canal and water right were used in part, was sufficient title to make the part so used appurtenant thereto. It was immaterial that these tracts were subsequently patented to third parties, who conveyed them to the mortgagor, from whom the defendants acquired the title thereto.

ID.—NEW TRIAL—STATEMENT—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE.—The specifications of insufficiency of the evidence to justify a finding that the plaintiff owned the entire canal and water right as an appurtenance to plaintiff's land, are sufficient, where they directed the attention of the plaintiff in various ways to the single issue of fact as to the habitual use of the water in part upon plaintiff's land and in part upon the other lands of the mortgagor, and where no evidence appears to have been omitted on that question.

APPEAL from an order of the Superior Court of Yuba County denying a new trial. E. E. Gaddis, Judge.

The facts are stated in the opinion.

John Gale, for Appellants.

Water used on government land may become appurtenant thereto. (*Utt* v. *Frey*, 106 Cal. 395; *Hargrave* v. *Cook*, 108 Cal. 72; *Smith* v. *Hawkins*, 110 Cal. 122; *McGuire* v. *Brown*, 106 Cal. 660.) The specifications of insufficiency of the evidence are sufficient. (*Kelly* v. *Mack*, 49 Cal. 523; *Morris* v. *De Celis*, 51 Cal. 60; *Strang* v. *Ryan*, 46 Cal. 34.)

W. H. Carlin, for Respondent.

The specifications of particulars of insufficiency of the evidence are not sufficient. (Code Civ. Proc., secs. 648, 659; *Dawson* v. *Schloss*, 93 Cal. 194; *O'Leary* v. *Castle*, 133 Cal. 508; *Petterson* v. *Stockton and Tuolumne R. R. Co.*, 134 Cal. 244.) The mortgage and deed of the land to plaintiff carried the canal and water right as an appurtenance. (Civ. Code, sec. 662; *Farmer* v. *Ukiah Water Co.*, 56 Cal. 11; *Crocker* v. *Benton*, 93 Cal. 365; *Clyne* v. *Benicia Water Co.*, 100 Cal. 310; *McShane* v. *Carter*, 80 Cal. 310; *Coonradt* v. *Hill*, 79 Cal.

587; *Ely* v. *Ferguson,* 91 Cal. 187; *Standart* v. *Round Valley Water Co.,* 77 Cal. 399; 3 Washburn on Real Property, 5th ed., secs. 32, 33, p. 418.)

SMITH, C.—Suit to quiet the plaintiff's title to the land described in the complaint, and an irrigating canal and water right alleged to be appurtenant thereto. The appeal is from an order denying the defendants' motion for new trial.

The court finds that the plaintiff is, and that for more than twenty years he and his predecessors have been, the owners of the land described in the complaint, and also of the canal and water right, which, it is found, are, and during the period mentioned have been, appurtenant to the land. There is no dispute as to plaintiff's title to the land, but it is claimed by the defendants that the finding of the court as to the canal and water right is not justified by the evidence; and whether this or the contrary is the case is the principal question to be determined.

The plaintiff deraigns title from John Ramm, Sr., who, at the time of his death, in the year 1888, was, and from the year 1870 had been, the owner of the land and of the canal and water right in question; and who was also, when he died, and for many years prior thereto had been, in the occupation of two tracts of public land, the one adjoining the land now owned by plaintiff, on the west, and known as the "Ritchie" or "Bridger Creek" tract, the other lying to the south of it, and known as the "Garden Valley" tract, both tracts being fenced, the former in the same general inclosure as the land now of the plaintiff, the latter separately. On the death of Ramm, his widow, the defendant Joanna, succeeded to the ownership of the land now of the plaintiff, and of the canal and water right in question, and on April 1, 1895, mortgaged this land, "together with, all and singular, the tenements, hereditaments, and appurtenances thereunto belonging, or in any wise appertaining," to the plaintiff, to whom the title to the mortgaged premises passed by commissioner's deed under foreclosure, September 4, 1900. She also succeeded, apparently to the interest of her husband in the Ritchie and Garden Valley tracts, which she afterwards, July 24, 1899, conveyed to the other defendants, her children; and in the meanwhile these lands continued in her occupation, or in that of herself and her co-heirs.

The canal in question was originally constructed for the purpose of supplying with water a mine lying to the east of plaintiff's land, but was acquired by John Ramm, Sr., about the year 1870. It commences on Bridger Creek, or, as it is also called, Clear Creek, at a point above the former of the two tracts of the defendants, and passes through it and the land of plaintiff to the mine alluded to. After it was acquired by Ramm, the water carried by the canal was used by him on the mortgaged premises, now owned by the plaintiff, during his lifetime, and by Mrs. Ramm and the family until the time of her mortgage to the plaintiff and afterwards. But it appears also from the uncontradicted testimony of the defendants' witnesses that during all of this period the water was also habitually used by Ramm, and by his successor or successors, upon the Ritchie or Bridger Creek and the Garden Valley lands.

The last proposition is controverted by the plaintiff's counsel, as is also the fact that the lands mentioned were fenced during the lifetime of Ramm, Sr., or afterwards. But the testimony of the defendants' witnesses on these points is full and explicit; and our attention has not been called to, nor have we been able to find, any evidence contradicting it. It is also objected that it appears from the evidence that at the date of the mortgage Mrs. Ramm had no title, nor had she or her husband ever had title, to the Ritchie or to the Garden Grove tract. But the objection is tenable neither in fact nor in law. As against all but the owner, her occupancy and that of her predecessor was sufficient title. (Civ. Code, sec. 1006.) Nor, were it otherwise, would her want of title be material except as a circumstance bearing on the question of intent in the execution of the mortgage, which is the sole question involved. These propositions are not affected by the fact appearing in evidence, that the lands were subsequently patented to Ritchie and Watson, respectively, and by them conveyed to Mrs. Ramm.

The case, then, is simply that of the owner of a water right who mortgages land on which the water has in part been habitually used. It comes, therefore, within the application of the provisions of section 1104 of the Civil Code, which, so far as material, reads: "A transfer of real property . . . creates in favor thereof an easement to use other real prop-

erty of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed.'' In the case at bar, the evidence shows the appropriation of part of the water to the plaintiffs by the mortgagor; and to this extent the mortgage, and subsequent foreclosure deed, operated to create an easement in the mortgagee to the use of the mortgagor's canal and water right on other lands; but we can see no grounds on which anything more can be justly claimed.

The objections to the specifications of insufficiency of evidence are untenable. There was in the case, practically, but a single issue of fact, which was as to the habitual use of the water on the land now of plaintiff and on other lands of the mortgagor; and to this the attention of the plaintiff was directed by the specifications in various ways; nor does it seem any evidence on this question was omitted. The case, in this respect, comes clearly within the rule laid down in the *American Type Co.* v. *Packer,* 130 Cal. 461, and in later cases. (*Standard Quicksilver Co.* v. *Habishaw,* 132 Cal. 124; *Bledsoe* v. *Decrow,* 132 Cal. 312.)

We advise that the order denying the defendants' motion for new trial be reversed and the cause remanded for new trial.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order denying the defendant's motion for new trial is reversed and the cause remanded for new trial.

Angellotti, J., Shaw, J., Van Dyke, J.