[Sac. No. 2052. Department Two.—March 30, 1915.]

ELLEN MAGEE MURPHY et al., Appellants, v. JAMES MAGEE, Jr., Respondent.

NEW TRIAL—PARTNERSHIP—ACCOUNTING—SPECIFICATION OF INSUFFICIENCY OF EVIDENCE TO SUSTAIN FINDING.—In an action by the successors in interest of a deceased partner against the surviving partner to establish the copartnership and for an accounting, where the court found the existence of the partnership as alleged, that the accounts between the parties to the action had been closed and settled, and that a certain sum of money was due from the defendant to the plaintiffs, for which judgment was given in their favor, a specification contained in the defendant's statement on motion for a new trial which embodied all of the testimony and exhibits offered or produced by either party, to the effect that "the evidence is insufficient to sustain the finding of the court that there is, or was due, from the defendant to the ˎsaid copartnership" the amount found, "or to sustain the finding and decision of the court that any sum whatsoever was or is due from the defendant to said copartnership, or to the plaintiff," is sufficient in form to bring the matter of lack of accounting to the notice of the court and opposing counsel.

APPEAL from an order of the Superior Court of Solano County granting a new trial as to a part of the judgment. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, Theodore W. Chester, and C. J. Goodell, for Appellants

Theodore A Bell, and Bell, York & Bell, for Respondent.

MELVIN, J.—Plaintiffs sued as successors of Michael Magee, deceased, seeking a judgment that James Magee, Jr., and Michael Magee were partners in business at the time of the latter's death; that plaintiffs were entitled to half of the earnings of the partnership since the demise of said Michael; and for an accounting. The court found the existence of the partnership as alleged and that defendant had taken into his possession $7,293 belonging to said partnership, all of which he had appropriated to his own use except seventy-five dollars. It was also found that plaintiffs owned a half interest in the lot on which the partnership business was conducted; that the reasonable rental value of the premises was sixty-five dollars per month; that the accounts between the parties to the action had been closed and settled; and that plaintiffs owned a half interest in the partnership.

After motion for a new trial the court granted the motion as to part of the judgment only. The order recites that it appearing that a partnership existed as alleged in the complaint, but it also appearing that no accounting had taken place, the court approved the finding and judgment that a partnership existed; ordered an accounting; and set aside that part of the judgment fixing defendant's liability at $4,877.82.

Appellants' sole point is that the specification of insufficiency of evidence was not in form to bring the matter of lack of accounting to the notice of the court—in other words that there was, in legal effect, no specification at all. The specification attacked is as follows:

"The evidence is insufficient to sustain the finding of the court that there is, or was due, from the defendant, James Magee, Jr., to said copartnership the sum of $9,755.64; or to sustain the finding and decision of the court that any sum

whatsoever was, or is due, from the defendant, James Magee, Jr., to said copartnership, or to the plaintiffs.''

The statement on motion for a new trial contained all of the testimony and exhibits offered or produced by either party, and we think that the specification was sufficient to inform the court, and the opposing counsel of one of the grounds upon which the motion was to be made. It is, therefore, adequate under the rule declared in *American Type Founders' Co.* v. *Packer*, 130 Cal. 461, [62 Pac. 744], and supported by the decisions of this court in *Pendola* v. *Ramm*, 138 Cal. 521, [71 Pac. 624]; *Drathman* v. *Cohen*, 139 Cal. 313, [73 Pac. 181]; *Gwin* v. *Calegaris*, 139 Cal. 391, [73 Pac. 851]; *Di Nola* v. *Allison*, 143 Cal. 115, [101 Am. St. Rep. 84, 65 L. R. A. 419, 76 Pac. 976]; and *Standard Quicksilver Co.* v. *Habishaw*, 132 Cal. 124, [64 Pac. 113].

Appellants seem to rely upon the circumstances that the setting forth of a certain amount as ''due'' was really a conclusion of law, although it appeared also in the ''findings of fact,'' and that the specification of its insufficiency was not in any proper sense an attack upon a ''finding.'' The rules with reference to specifications are much broader and more liberal than those relating to pleading and therefore we must hold that defendant's counsel in the specifications called attention of court and opposing counsel to the very matters against which their attack was to be directed. They were not to blame if the court included in the findings of fact that which was more properly a conclusion of law. Indeed, if we were to adopt the theory of plaintiffs that the finding is unassailable as such, because it is really a conclusion of law, then we would be forced to the position that there is no finding at all to support the formal conclusion of law and the judgment in the important matter of the amount of money adjudged to be due. The finding (so-called), implied an accounting and a computation of a specific amount. The specification sufficiently directed attention to the parts of the record, if any, which would support these implications.

The order is affirmed.

Henshaw, J., and Lorigan, J., concurred.