[Civ. No. 1985. Second Appellate District.—May 22, 1916.]

## CARL RODEMEYER, Appellant, v. G. MEGER, Respondent.

EASEMENT—DIVISION OF LAND INTO PARTS—GRANT OF ONE PART—RIGHT TO EASEMENT IN REMAINING PART.—Where an owner of land divides it into two parts and makes a grant of one of such parts, such grant, by implication, includes all such easements in the remaining part as are necessary for the reasonable enjoyment of the part granted in the form in which it was used at the time of the transfer.

ID.—RIGHT OF USER OF IRRIGATING DITCH OVER RESERVED LAND—CHARACTER OF USER AT TIME OF GRANT—FAILURE TO FIND ON MATERIAL ISSUE.—Where in an action to enjoin interference with the user by the plaintiff of an irrigating ditch extending over the land of the defendant, through and by means of which plaintiff claimed the right to conduct a flow of water for irrigating his land, which land was purchased by him from the defendant, it is alleged in the answer that the ditch at the time of the conveyance of the land to the plaintiff was but of a temporary character, it is essential to support a judgment in favor of the plaintiff that the court should have found whether such ditch was of a temporary or of a permanent character at the time of such conveyance.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Charles Wellborn, Judge presiding.

The facts are stated in the opinion of the court.

F. C. Spencer, for Appellant.

Tipton & Cailor, for Respondent.

SHAW, J.—This is an appeal from a judgment in favor of defendant; the action being one wherein plaintiff sought to have defendant enjoined from interfering with an irrigating ditch extending over the latter's land, through and by means of which plaintiff claimed the right to conduct a flow of water for irrigating his land.

As alleged in the complaint, defendant was the owner of a twenty-acre tract of land which, on January 31, 1912, he conveyed to plaintiff, together "with the tenements, hereditaments, easements and appurtenances thereunto belonging or appertaining"; defendant reserving therefrom, however, three-fourths of an acre out of the northeast corner of said tract. (We will designate the nineteen and one-fourth acres of land conveyed to plaintiff as "Tract 1," and the three-fourths of an acre reserved by defendant as "Tract 2.") At the time of conveying tract 1 to plaintiff, and for some two years prior thereto, there existed an open ditch or conduit extending along the entire east side of the twenty-acre tract, through and by means of which water was conducted for irrigating the same, of which fact plaintiff at the time of his purchase had knowledge. After purchasing tract 1 plaintiff, without objection from defendant, and up to June, 1913, used that part of the ditch extending over and along the east side of tract 2, so reserved by defendant, as a means for conducting a supply of water to tract 1 for irrigating the same and the growing crops thereon, as defendant had done when owner thereof. No other means exist whereby plaintiff can obtain a supply of water, and irreparable injury will follow his failure to obtain such supply. In June, 1913, defendant obstructed the flow of water in the ditch extending across tract 2 and connecting with plaintiff's ditch and land, and refused to allow plaintiff to convey water through the same.

In his answer defendant denied that he conveyed to plaintiff any easement or right to convey water across tract 2 so reserved by him or to use the ditch thereon, and, on the contrary, alleged that plaintiff agreed that defendant should retain in himself the exclusive right to and use of the ditch on tract 2, together with the right as well to run water through the ditch over tract 1 sold to plaintiff. ⋅He also alleged that the conduit in question now existing along the east side of tract 2 "is not the same ditch used by defendant in irrigating the said twenty acres of land prior to the time of the sale of the property herein to plaintiff," but that prior to the sale of said land to plaintiff there had been no permanent ditch of any kind upon said tract, and that the ditch now located along the east side of tract 2 was, and is, and has been, a temporary ditch, and that the same has been plowed in and filled up many times by this defendant with the knowledge of the plaintiff.

Section 1104 of the Civil Code provides: "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed." And section 1084 of the Civil Code provides that "the transfer of a thing transfers also all its incidents, unless expressly excepted."

The law seems to be well settled that where an owner of property divides it into two parts and grants one of such parts, such grant, by implication, includes all such easements in the remaining part as are necessary for the reasonable enjoyment of the part granted in the form in which it was used at time of the transfer. (*Cave* v. *Crafts,* 53 Cal. 135; *Quinlan* v. *Noble,* 75 Cal. 250, [17 Pac. 69].)

Respondent, however, as stated, alleged in his answer that by the terms of the grant to plaintiff he retained in himself the exclusive right to use all that part of the ditch extending over and across the three-quarter acre tract designated as tract 2, and also alleged that the ditch in question was not obviously and permanently used, but merely temporarily used. The determination of the question involved depends upon the answer to the issues thus tendered. If, as alleged by plain-

tiff, defendant conveyed the land to him, together with the easements appurtenant thereto, and this conduit extending over and across the tract reserved by defendant was, and had been for more than two years, obviously and permanently used by defendant when owner of the entire tract of land as the only means of conveying water thereto for irrigating crops growing thereon, then plaintiff, under the authority cited, was entitled to the use of the ditch in the same manner and to the same extent as defendant had used it before selling the land. The court, however, failed to make any finding upon either of these issues; and for this reason the judgment must be reversed. The conclusion of law as found by the court, that plaintiff was not entitled to run water over the three-quarter-acre tract, cannot aid respondent on appeal for the reason there is no finding of fact upon which to base such conclusion; nor does the finding that "said water was run from other pumping plants in the neighborhood through ditches more or less indefinitely, irregularly and temporarily constructed on both tracts," aid in a determination of the case. The question is whether or not plaintiff was and is entitled to conduct water over tract 2 owned by defendant, and, as stated, that depends upon material issues as to which the court has made no answer in the findings.

The judgment and order appealed from are reversed.

Conrey, P. J., and James, J., concurred.