[S. F. No. 7750. In Bank.—January 10, 1917.]

J. H. SMITH, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents; CHARLES RIVES, Claimant.

WORKMEN'S COMPENSATION ACT — ACTUAL KNOWLEDGE BY EMPLOYER OF INJURY—INSUFFICIENT FINDING.—In a proceeding by an employee before the Industrial Accident Commission for indemnity compensation, a finding of the commission that the defendant employer "had knowledge or notice of the happening of the accident within the time prescribed by law," is not a finding that the employer had "actual knowledge" of the injury, within the meaning of the

proviso of section 20 of the Workmen's Compensation Act, making such "actual knowledge" the equivalent of the service on him of the written notice stating the particulars of the injury.

ID.—EVIDENCE OF KNOWLEDGE BY EMPLOYER.—The evidence in this case is held insufficient to show that the employer had any actual knowledge of the injury to the employee.

ID.—ORAL INFORMATION OF INJURY NOT ACTUAL KNOWLEDGE.—Oral information of the injury given to the employer within the statutory limitation of thirty days is not actual knowledge thereof, dispensing with the service of the written notice required by section 20 of the act.

ID.—KNOWLEDGE OF ACCIDENT NOT SAME AS KNOWLEDGE OF INJURY.— A finding by the commission that the employer had knowledge of the "accident" does not import that he had knowledge of the injury, within the meaning of that section.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

John H. Crabbe, for Petitioner.

Christopher M. Bradley, for Respondents.

LAWLOR, J.—This is a proceeding under a writ of review to annul an award made in favor of Charles Rives, the employee of the petitioner. The commission found that Rives was injured by accident in the course of his employment by straining his wrist while endeavoring to release a clamp. It is admitted by the respondent that no written notice of the injury was served upon the defendant employer, and the sole question presented is whether he had actual knowledge of the injury, within the meaning of section 20 of the Workmen's Compensation Act. It was denied by the petitioner in his answer and in his testimony at the hearing that he had any such knowledge of the injury.

We are convinced that the contention of the petitioner must be upheld. The only finding made by the commission touching the question of knowledge is in these words: "That said defendant employer had knowledge or notice of the happening of said accident within the time prescribed by law." We do not think that this finding on the point of knowledge is

sufficient. The statute calls for "actual knowledge," while the word "knowledge" may include that which is imputed. Section 20 provides that "notice in writing, stating the name and address of the person injured, the time and the place where the accident occurred, and the nature of the injury, . . . shall be served upon the employer; *provided, however,* that actual knowledge of such accident and injury on the part of such employer, or his managing agent or superintendent in charge of the work, upon which the injured employee was engaged at the time of the injury, shall be equivalent to such service." It is clear from these provisions that any kind of knowledge, other than actual, or first hand knowledge, would be insufficient, for the statutory equivalent of the information required to be given in the notice is actual knowledge.

But even assuming that the word "knowledge," as it appears in the finding, imports actual knowledge, and is sufficient under the requirements of section 20, yet we do not think that the finding is supported by the evidence. It is to be noted in this behalf that the finding only refers to the knowledge of the petitioner, and is silent as regards the "managing agent or superintendent." The question then is whether there is sufficient evidence to justify a finding that the petitioner himself had actual knowledge of the injury.

On this question it may be remarked that the testimony of Rives is neither very clear nor convincing. He was asked whether anyone saw him get hurt, and answered, "The foreman, the man acting as foreman, he saw me do it, yes." The evidence shows that the "foreman" referred to was in the east at the time of the hearing, and there was testimony to the effect that he had never been a foreman in that shop. Other testimony follows:

"Q. Did anyone else know at the time you got hurt? A. I do not know if they saw me. They knew I got hurt.

"Q. Did you complain to Mr. Smith that you were hurt? A. Yes. He knew I was hurt.

"Q. When did you report to him? A. About the time I got hurt.

"Q. What did you tell him? A. I told him I hurt my hand, my wrist.

"Q. Did you tell him how you hurt it? A. Yes, on the Monday morning I did not go to work. . . .

"Q. Was anyone present when you told Mr. Smith that you had been hurt? A. No. I do not think so. I could not say as to that. . . .

"Q. Did you see Mr. Smith any time you were laid off that month—not working? A. Yes. He asked how I was and I told him 'pretty good.'

"Q. When was the first time you told him that you got hurt while working in his employment? A. The same day I got hurt.

"Q. Did you tell him then, explain to him how you got hurt? A. Yes. He never listened though, much. He walked away. . . .

"Q. You say that the very day the accident occurred you reported it to Mr. Smith? A. Yes.

"Q. Mr. Smith denies that he had any knowledge of the fact, or the assertion on your part that you were injured in his shop, until he had received a notice from the commission. Is that true, or not? A. It is not true. It is a lie.

"Q. Will you state when, as nearly as you can recall, the same day as you were injured when you told Mr. Smith? A. Right after I got hurt.

"Q. Was Mr. Smith in the shop at the time you were injured? A. It was Scott or Smith. They were both bosses.

"Q. Was Smith there? I am speaking of Smith. A. I do not know about that.

"Q. You said you told Smith immediately after. It was Smith and not Scott? A. Scott knows about it, too.

"Q. Will you state in which part of the shop Smith was standing when you told him you were injured. A. I do not know what part of the shop.

"Q. But you know you told him? A. Of course, I know."

The petitioner in his testimony flatly denied that Rives ever spoke to him about being hurt. And Scott testified that he was the foreman of the shop when the accident occurred, but only learned of it from others. We have quoted all the testimony of Rives bearing on the subject of the petitioner's alleged knowledge of the injury, because it clearly shows that it was information conveyed to the petitioner, rather than his actual knowledge of the injury upon which the award was made. It is plain that, in the contemplation of section 20, the petitioner had no actual knowledge of the injury. It

is not even suggested that he was on the premises at the time. From an examination of the record it is evident that the commission proceeded on the theory that, in the absence of a written notice, it is sufficient to prove that oral information of the injury was given to the employer within the statutory period of thirty days.

It is also proper to note that the commission found that the employer had knowledge of the "accident," while the present statute [Stats. 1915, p. 1089], requires knowledge of the "injury." We think the term "accident" has a narrower meaning than "injury." The employer might be fully aware that an accident had taken place in his shop without even suspecting that his employee thereby suffered an injury. That a wider meaning is to be given to the term "injury" than to "accident" is further indicated by the fact that formerly the statute required actual knowledge of the "accident and injury." (Stats. 1913, p. 291.) We have examined these questions with great care, for the reason that they involve the jurisdiction of the commission, for unless the provisions of section 20 have been complied with, by its express terms "no claim to recover compensation under this act shall be maintained."

The second proviso of section 20 reads: "*Provided, further,* that the failure to give any such notice, or any defect or inaccuracy therein, shall not be a bar to recovery under this act if it is found as a fact in the proceedings for the collection of the claim that there was no intention to mislead or prejudice the employer, and that he was not in fact misled or prejudiced thereby." Evidence was introduced by the petitioner thereunder, but the commission made no finding.

Award annulled without prejudice to further proceedings before the commission.

Sloss, J., Lorigan, J., Shaw, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.