[Civ. No. S. C. 12.   Second Appellate District, Division One.—April 27, 1937.]

A. HAMBURGER & SONS, INCORPORATED (a Corporation), Appellant, v. CARL LEMBOECK et al., Respondents.

Mitchell, Silberberg & Knupp and Ross R. Hastings for Appellant.

Fred W. Morrison and W. W. Butler for Respondents.

DESMOND, J., *pro tem.*—In this case the plaintiff, owner of a parcel of real estate fronting in a general southerly direction upon Exposition Boulevard in the city of Los Angeles, sought to have the court recognize by its decree certain easements claimed to exist in and over another parcel, owned by the defendants, adjoining the plaintiff's land at the rear, and fronting upon Thirty-seventh Place. The court was asked to enjoin the defendants from maintaining upon their own land, this second parcel, a six-foot board fence which had been erected immediately adjacent to the holdings of the plaintiff. The court refused to enjoin the maintenance of this fence, but recognized as easements incidental and appurtenant to an apartment house which had been constructed upon the first parcel, the spaces occupied in the second parcel by a rear basement stairway, a sunken areaway for a basement window, a portion of a stoop or platform at the rear door of the apart-

ment house, and a fire-escape which overhung the second parcel at the rear of the building. The trial court quieted title in defendants under their cross-complaint as to their premises, except as to the easements mentioned, thereby denying to plaintiff corporation the benefit of certain additional burdens claimed by it as fixed upon defendants' land, including a way to and from the spaces occupied by stairway, stoop and fire-escape, and the right to use an unoccupied portion of defendants' rear yard wide enough to meet the requirements of the State Housing Act. Appellant claims that certain findings conflict, that others are not supported by the evidence, that the judgment does not conform to certain findings, and that the court has failed to find upon material issues raised by the pleadings.

We have mentioned two adjoining properties. A third parcel immediately adjoined these two upon the east, extending along Hoover Street the entire distance between Exposition Boulevard and Thirty-seventh Place. We shall refer to the three as parcels one, two and three, in the order in which they have been mentioned above. Max Neft and Paula, his wife, became the owners of all three parcels in the year 1924. In 1925 they completed upon parcel one the erection of a four-story brick apartment house. The rear line of parcel one, sixty feet in length, was broken almost halfway across, measuring to the west, by a rectangular extension running thirty feet to the north. The easements are claimed on territory lying to the west of that extension and north of the main body of parcel one. For an apartment house erected upon an interior lot, the State Housing Act requires that where the building does not exceed forty-eight feet in height, as here, there shall be provided a rear yard eleven feet wide immediately behind the apartment house, extending across the entire width of the lot. (Housing Act, sec. 14.) Section 13 of the same act provides that "on every interior lot on which an apartment house is hereafter erected at least twenty-five per cent of such lot shall be left unoccupied". At the time the application for a permit to erect the apartment house was filed, the architect who designed the house submitted a plan, which appears as an exhibit in this case, showing the building as occupying practically all of parcel one except the northerly thirty-foot extension and space for walks on either side of the building; also showing a vacant strip of land running across

the lots (parcel one and a portion of parcel two) in the rear of the apartment building, thirteen feet six inches in width, except where the space is interrupted by the rear basement stairway, the stoop and the basement window areaway.

Just before constructing the apartment house on parcel one, Mr. and Mrs. Neft had erected a two-story flat-building on parcel two, fronting immediately upon Thirty-seventh Place. This left a clear space between the two buildings of approximately thirty-five feet. The westerly portion of the rear lot of parcel two, however, had built upon it a two-car stucco garage, erected with the flat-building, and it was necessary, contemplating the immediate construction of the apartment house, to put a jog in the easterly wall of that garage to permit the 13½-foot strip above mentioned to extend over the rear of parcel two, to the full width of parcel one. Difficulty arose in connection with the use of the open space between the two apartment buildings immediately after foreclosures took place under three trust deeds which Mr. and Mrs. Neft had executed. Plaintiff, beneficiary under a trust deed to Title Guarantee and Trust Company, dated March 15, 1927, attaching to parcel one, acquired title thereto on September 8, 1933; defendants, beneficiaries upon a trust deed dated February 17, 1931, attaching to parcel two, acquired their title on September 15, 1933. These same defendants also acquired title to parcel three, under similar foreclosure proceedings, on October 3, 1933. On that date a demand was made upon plaintiff by defendants' attorney, to "take proper steps to remove the portion of your building encroaching on Lot 4, so that it will not be necessary for me to take any action in connection therewith". "Lot 4" is the official description of the real estate which we have called parcel two. When the plaintiff failed to remove the encroachments complained of, defendants built the six-foot board fence which has been mentioned approximately on the dividing line between the two properties, effectually barring any approach from the apartment house to any portion of parcel two, but leaving the structural encroachments, stairway, stoop and window areaway, in place, beyond the fence.

We are of the opinion that when Mr. and Mrs. Neft passed title to parcel one under the first trust deed, retaining ownership in parcel two, that such easements as were necessary for the reasonable enjoyment of parcel one as then used

passed with the deed. The rule is stated as follows in the syllabus of *Cave* v. *Crafts,* 53 Cal. 135: "When the owner of lands divides his property into two parts, granting away one of them, he is taken by implication to include in his grant all such easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form which it assumes at the time he transfers it. The purchaser is entitled to the benefit of the easement without any express grant or reservation." The court in that case relied upon the authority of *Lampman* v. *Milks,* 21 N. Y. 505, where the court states that the same principle is in effect whether the grantor be the owner of two tenements or of an entire estate of which he sells a portion. The same case quotes Phear on Waters, page 73, as follows: "If the grantor has already treated this portion as a separate property, the mode in which he enjoyed it, or suffered it to be enjoyed, affords a very proper indication of what rights over his remaining land he intends to pass as accessory to it." (See, also, *Quinlan* v. *Noble,* 75 Cal. 250 [17 Pac. 69]; *Rodemeyer* v. *Meger,* 30 Cal. App. 514 [158 Pac. 1047].) Section 1104 of the Civil Code reads as follows: "A transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred, for the benefit thereof, at the time when the transfer was agreed upon or completed." (See, also, 9 Cal. Jur. 957; *Grimmesey* v. *Kirtlan,* 93 Cal. App. 658, 662 [270 Pac. 243].) That a deed of trust conveys an easement as effectively as a grant deed seems clear under the reasoning of *Pendola* v. *Ramm,* 138 Cal. 517 [71 Pac. 624], and *San Joaquin Valley Bank* v. *Dodge,* 125 Cal. 77 [57 Pac. 687].

█ While the trial court found that "no easements whatever over or upon Parcel Two were conveyed to said Title Guarantee and Trust Company, as Trustee or otherwise", it did decree that parcel two was subject, as to the apartment house, to the easements created by the encroachments we have mentioned. However, these easements were limited in each case to the area occupied by the structure, and nowhere in the judgment does the court establish the way claimed for convenient use of the stoop, stairway or fire-escape. The

court, however, found specifically ''that access over the southerly portion of Parcel Two, giving ingress to and egress from said stairway, has been at all times and is now necessary and essential, to the extent Parcel Two is occupied thereby, to the use of said stairway. That said stairway has been at all times since said apartment house was built and is now an incident of and appurtenant to said apartment house''; also, ''That ingress to and egress from said door over that portion of Parcel Two occupied by said stoop has been at all times since said apartment house was built, and is now, necessary and essential to the use of said apartment house situated on Parcel One. That said stoop has been at all times since said apartment house was built, and is now, an incident of and appurtenant to said apartment house situated on Parcel One''; also, ''That access to and from said fire-escape over a portion of Parcel Two has been at all times since said apartment house was built, and is now, necessary and essential to the use of said fire-escape. That said fire-escape, and such access, have been at all times since said apartment house was built, and are now, incidents of and appurtenant to said apartment house on Parcel One.'' We believe that the judgment, limiting, as it does, the easements to the area actually occupied by the encroachments, and thereby denying the right of access to them over parcel two, that is, the right of way claimed by appellant, is not supported by the above-mentioned findings, being in conflict with them.

Considering it as settled that all the easements necessary for the reasonable enjoyment of parcel one attached to parcel two so long as Mr. and Mrs. Neft remained in possession of parcel two, the present question is whether all such easements continued after title to parcel two passed to the respondents by foreclosure. The decision of this question, in our opinion, depends largely upon whether or not the respondents can be held to have had notice, either actual or constructive, of the existence of the easements. The complaint alleged, on information and belief, that even before the trust deed attaching to parcel two was executed, ''prior to the 24th day of July, 1930 (which was the date of the trust deed to parcel three, executed earlier than the trust deed to parcel two), the defendants and each of them knew of all the uses of parcel two and parcel three for the benefit of, incident to and appurtenant to parcel one and said apartment house'',

etc. Upon this point the court found "that it is not true that, at any time prior to the 24th day of July, 1930, or at any time prior to the date when defendants Carl Lemboeck and Irene Lemboeck acquired title to parcel two, they, or either of them, *knew by having actual notice or knowledge thereof,* that any use or easement was claimed for the benefit of parcel one or said apartment house, upon, over or in parcels two and three, whether as incident to or appurtenant to parcel one or the apartment house thereon, or otherwise". (Italics ours.) The appellant claims that this finding is not broad enough to cover a material issue, pointing out that the Civil Code, section 18 thereof, defines notice as: "1. Actual—which consists in express information of a fact; or, 2. Constructive—which is imputed by law." Section 19 of the Civil Code provides: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." The Supreme Court, in *Smith* v. *Industrial Acc. Com.,* 174 Cal. 199 [162 Pac. 636], has said, "The word 'knowledge' may include that which is imputed." Since notice may be either actual or constructive, and since the complaint charged that the defendants, prior to the execution of the trust deed under which they finally acquired title to parcel two, "knew of all the uses of parcel two and parcel three for the benefit of and incident to and appurtenant to parcel one and said apartment house", we believe the contention of appellant that the trial court failed to find upon a material issue should be upheld. In *Prouty* v. *Devin,* 118 Cal. 258 [50 Pac. 380], the question was which of two mortgages was entitled to priority, and the Supreme Court held that it was not sufficient for the trial court to find that the defendant had no actual knowledge of the existence of plaintiff's mortgage of earlier date, but that the question of constructive notice thereof should have been passed upon; that since there was an omission to find upon that point, a reversal was necessary. (See, also, *Davis* v. *Monte,* 81 Cal. App. 164, 168, 169 [253 Pac. 352].) We believe there was evidence to warrant a finding favorable to appellant on the question of imputed knowledge, at least as to the right of way over parcel two for convenient use of the recognized easements.

Since, under our decision, a new trial will be necessary, we do not pass upon the many other objections raised by appellant. However, we believe it is proper to say this: Continued use of the building on parcel one as an apartment house requires a rear yard, as specified in the Housing Act. If that space is not available in parcel two, as originally intended, the only way in which it can be secured is by cutting off a substantial portion of the rear of the present building, at large expense, thereby reducing the rental area of the building, as well as the value of the property. Under these circumstances, if the court, upon a retrial, should determine that the use of the rear yard did not pass as an easement, consideration can still be given to the proposition advanced here by appellant, namely, that in such a situation equity can be done only by making an award to the owners of parcel two of a sufficient amount to compensate them for a right given the owners of parcel one to use the rear yard in the manner and for the purposes claimed.

The judgment is reversed.

Houser, P. J., and York, J., concurred.